**Glen SILVER, Plaintiff–Appellant,**

v.

**Michael SMITH and Carl Garkowski, Defendants–Appellees.**

No. 02–6281.

United States Court of Appeals, Second Circuit.

June 27, 2003.

**18**

Glen Silver, Waterloo, New York, for Plaintiff–Appellant, pro se.

Robert L. Baker, United States Department of Justice, Tax Division (Eileen J. O'Connor, Assistant Attorney General; David English Carmack, U.S.D.O.J. Tax Division; Michael A. Battle, United States Attorney for the Western District of New York, on the brief), Washington, D.C., for Defendants–Appellees.

PRESENT: MCLAUGHLIN, LEVAL, and RAGGI, Circuit Judges.

## SUMMARY ORDER

Plaintiff–Appellant Glen Silver, proceeding pro se, sued Defendants–Appellees Michael Smith and Carl Garkowski, employees of the Internal Revenue Service ("IRS"), challenging two tax liens filed against him by the IRS, the first for unpaid income taxes assessed for tax years 1995 and 1996, and the second for the assessment of a frivolous return penalty. Silver now appeals a decision and order of the district court that (1) substituted the United States as the party defendant, dismissing the complaint against Smith and Garkowski; (2) granted summary judgment in favor of defendant on the 1995–1996 lien for lack of subject matter jurisdiction; (3) granted defendant's request to remand to the IRS that part of Silver's complaint challenging the frivolous return lien for further hearing;[1] and (4) denied

---

1. Because the omission of this remand order from the formal judgment appears to have been ministerial and inadvertent, we hereby deem the order incorporated in the judgment

Silver's cross motion for summary judgment.

■ Preliminarily, we conclude that insofar as the district court remanded the frivolous return lien to the IRS and denied Silver summary judgment on this claim, we lack appellate jurisdiction to review these non-final orders. *See* 28 U.S.C. § 1291 (granting appellate courts jurisdiction over "final decisions" of the district courts); *see also Crocco v. Xerox Corp.* 137 F.3d 105, 108 (2d Cir.1998) (citing observation in *Perales v. Sullivan,* 948 F.2d 1348 (2d Cir.1991), that "a district court's remand to an administrative agency is not ordinarily appealable"); *Caldarola v. Calabrese,* 298 F.3d 156, 161 (2d Cir.2002) ("The denial of summary judgment is ordinarily an interlocutory decision, not a 'final decision' appealable under 28 U.S.C. § 1291.") (quoting *Marshall v. Sullivan,* 105 F.3d 47, 53 (2d Cir.1996)).

Pursuant to the collateral order doctrine, however, we may review the district court's award of summary judgment on the 1995–1996 liens because that ruling fully disposes of the issue involved, resolves an important issue completely collateral to the merits, and is effectively unreviewable on appeal from a final judgment. *See Richardson–Merrell, Inc. v. Koller,* 472 U.S. 424, 431, 105 S.Ct. 2757, 86 L.Ed.2d 340 (1985); *Excimer Assoc., Inc. v. LCA Vision, Inc.,* 292 F.3d 134, 138 (2d Cir. 2002). We review the award of summary judgment for lack of subject matter jurisdiction de novo. *Randell v. United States,* 64 F.3d 101, 106–07 (2d Cir.1995).

■ We focus first on Silver's challenge to the district court's order substituting the United States as party-defendant in lieu of Smith and Garkowski. "[A]n action

against ... federal officers in their official capacities is essentially a suit against the United States." *Robinson v. Overseas Military Sales Corp.,* 21 F.3d 502, 510 (2d Cir.1994). Thus, because Silver sued Smith and Garkowski only in their official, not their individual, capacities, the district court properly substituted the United States for its employees as the defendant in this action.

■ The United States may only be sued upon consent. *See Securities and Exchange Commission v. Credit Bancorp. Ltd.,* 297 F.3d 127, 136–37 (2d Cir.2002). With respect to challenges to IRS tax levies, the relevant statute is 26 U.S.C. § 6330(d)(1), subsection (A) of which provides for the Tax Court to exercise jurisdiction with respect to those levies over which it is has deficiency jurisdiction, specifically, income, gift, and estate taxes, *see* 26 U.S.C. §§ 6211(a), 6213(a), 6214(a); *Downing v. Commissioner,* 118 T.C. 22, 27–28, 2002 WL 15574 (2002) ("The Tax Court generally has jurisdiction over income, gift, and estate tax cases for purposes of section 6330(d)(1)(A) because we have deficiency jurisdiction relating to those taxes."). Only in those cases where the Tax Court lacks jurisdiction over the underlying tax liability may the district court review a levy. *See* 26 U.S.C. § 6330(d)(1)(B). Because Silver challenges tax assessments and liens filed in connection with his income tax obligations for tax years 1995 and 1996, the district court correctly concluded that it lacked subject matter jurisdiction to hear the claim.

On appeal, Silver seeks to avoid this conclusion by asserting that he is not challenging his underlying tax liability, only procedural irregularities in his assess-

---

for purposes of this appeal. *See generally Bankers Trust Co. v. Mallis,* 435 U.S. 381, 383–88, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978).

Upon issuance of our mandate, the district court may nevertheless wish to correct the omission to ensure against future confusion.

ments. The claim is disingenuous for, as Silver's complaint makes plain, the relief demanded is an order vacating the assessments and lifting the liens. Moreover, nothing in the language of § 6330(d)(1) supports Silver's argument that Tax Court jurisdiction is limited to reviewing the fact of income tax liability, with challenges to procedure heard in district courts. To the contrary, jurisdiction is divided by the type of tax, not the type of claim. In considering this division, we are mindful that although the Tax Court has limited jurisdiction, within its appointed sphere it exercises judicial power in much the same way as federal district courts. *See Freytag v. Commissioner*, 501 U.S. 868, 890–91, 111 S.Ct. 2631, 115 L.Ed.2d 764 (1991). Implicit in that power is the authority to hear procedural as well as substantive challenges to matters within the court's jurisdiction. *See generally Crawford v. Commissioner*, 266 F.3d 1120, 1123 (9th Cir. 2001) (reiterating Tax Court's jurisdiction to consider constitutional questions in the context of hearing deficiency challenges).

Accordingly, we AFFIRM the district court's award of summary judgment in favor of the United States on Silver's challenge to the 1995–1996 assessment lien, and DISMISS Silver's challenge to the frivolous return penalty lien for lack of appellate jurisdiction.

