*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2003 FED App. 0393P (6th Cir.)
File Name: 03a0393p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

GUST MARION JANIS,
    *Plaintiff-Appellant,*

    *v.*

No. 02-6506

JOHN ASHCROFT, Attorney
General; AL HERRERA,
Warden, U.S. Penitentiary,
Lompoc, CA; KATHLEEN
HAWK, Director, Bureau of
Prisons; DAVID WOODY;
VICTOR A. FLORES; FEDERAL
BUREAU OF PRISONS,
    *Defendants-Appellees.*

Appeal from the United States District Court
for the Eastern District of Kentucky at Ashland.
No. 02-00088—Henry R. Wilhoit, Jr., District Judge.

Submitted: September 18, 2003

Decided and Filed: November 5, 2003

———————————

Before: MARTIN and SUTTON, Circuit Judges; MILLS,[*]
District Judge.

———————————

**COUNSEL**

**ON BRIEF:** Gust Marion Janis, Lompoc, California, pro se.

———————————

**OPINION**

———————————

   BOYCE F. MARTIN, JR., Circuit Judge. Gust Marion Janis, a federal prisoner proceeding pro se, appeals a district court order dismissing his civil complaint filed pursuant to the settlement agreement in *Washington v. Reno*, Lexington Civil Action Nos. 93-217 and 93-290 (E.D. Ky.), which concerned the propriety of prison telephone system policies. The settlement agreement afforded inmates an opportunity to enforce a specific portion of the agreement within the Eastern District of Kentucky. This case has been referred to a panel of the court pursuant to Sixth Circuit Rule 34(j)(1). Upon examination, this panel unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a).

   On April 2, 2001, the defendants implemented new telephone policies which limited all Federal Bureau of Prison inmates to "300 minutes per calendar month for collect-call and/or dial direct telephone calls." On April 29, 2002, Janis filed a complaint in the Eastern District of Kentucky against United States Attorney General John Ashcroft; Warden Al Herrera, United States Penitentiary - Lompoc, California; Director Kathleen M. Hawk Sawyer, Federal Bureau of Prisons; Chief David Woody, Federal Bureau of Prisons Trust

———————————

[*]The Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

Fund Systems; Inmate Trust Fund Supervisor Victor Flores, United States Penitentiary - Lompoc, California; and the Federal Bureau of Prisons. The complaint alleged that the defendants implemented the new telephone restrictions in retaliation against the inmates for pursuing the *Reno* litigation. According to Janis, the defendants acted in bad faith and committed a fraud upon the court when they settled the *Reno* lawsuit, because at the time of the settlement they intended to punish the inmates in the future for having brought the lawsuit. Janis also challenged numerous conditions of his confinement at the United States Penitentiary in Lompoc, California, where he is incarcerated. Janis sought enforcement of the settlement agreement approved in *Reno*, as well as injunctive, declaratory, and monetary relief.

The district court concluded that it lacked subject matter jurisdiction and dismissed the complaint sua sponte pursuant to 28 U.S.C. § 1915A. The district court subsequently denied Janis's motion for reconsideration. Janis filed a timely notice of appeal. Janis also filed a motion for a temporary restraining order with this Court.

We review *de novo* a district court's dismissal of a complaint for lack of subject matter jurisdiction. *See Friends of Crystal River v. United States Envtl. Prot. Agency*, 35 F.3d 1073, 1077-78 (6th Cir. 1994).

Upon review, we conclude that the district court improperly dismissed Janis's complaint for lack of subject matter jurisdiction. Certainly, the district court was correct in concluding that Janis had not sought enforcement of any provision of the settlement agreement and thus, jurisdiction could not be established "under the alleged guise of being vaguely linked to [the] enforcement of the [] settlement agreement." Indeed, Janis's complaint did not identify any specific provision of the settlement agreement that he desired the court to enforce.

However, inasmuch as the district court dismissed Janis's complaint for lack of subject matter jurisdiction, but cited venue language in support of its decision, it appears that the district court confused these separate concepts. Janis's complaint alleged bad faith on the part of and retaliation by the defendants against him and other inmates because they pursued the *Reno* litigation. Properly understood, Janis's complaint essentially asserted constitutional violations rather than violations of the settlement agreement. We conclude that these allegations were sufficient to invoke federal question jurisdiction pursuant to 28 U.S.C. § 1331. Although we note that Janis asserted his claims in the wrong venue as he filed his complaint in a judicial district where neither he nor any defendant resides nor where a substantial part of the alleged events occurred, *see* 28 U.S.C. § 1391(e), we question the propriety of the district court's sua sponte dismissal for what was essentially a lack of proper venue. *See Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 701 (6th Cir. 1978).

While Federal Rule of Civil Procedure 12(h)(3) permits a district court to dismiss a complaint sua sponte for lack subject matter jurisdiction, it does not accord similar authority to dismiss a case for lack of venue. *See id.*; *but see* 28 U.S.C. § 1404(a) (allowing district courts to transfer a case to a district court where venue is proper).

Accordingly, the judgment of the district court is reversed and the case is remanded for further proceedings. Janis's motion for a temporary restraining order is denied as it was filed in the first instance with the wrong court.