*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 07a0469p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

CARL R. WAGENKNECHT,

　　　　　　　　　　*Plaintiff-Appellant,*

　　　v.

UNITED STATES, INTERNAL REVENUE SERVICE;
COMMISSIONER, INTERNAL REVENUE SERVICE;
MARK EVERSON; LAWRENCE PHILLIPS,

　　　　　　　　　　*Defendants-Appellees.*

> No. 06-4161

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 06-00726—John R. Adams, District Judge.

Submitted: July 24, 2007

Decided and Filed: December 6, 2007

Before: KEITH and GRIFFIN, Circuit Judges; VAN TATENHOVE, District Judge.[*]

_____

## COUNSEL

**ON BRIEF:** Regina S. Moriarty, Michael J. Haungs, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellees. Carl R. Wagenknecht, Jr., Akron, Ohio, pro se.

_____

## OPINION

_____

　　　　VAN TATENHOVE, District Judge. On March 30, 2006, Carl R. Wagenknecht, Jr., ("Wagenknecht") filed a complaint alleging a wrongful determination and levy on the part of the Internal Revenue Service ("IRS") and seeking a redetermination of the decision. On May 30, 2006, the district court *sua sponte* dismissed the portion of the complaint challenging the income tax levies for lack of subject matter jurisdiction. Pursuant to I.R.C. § 6330(d)(1)(B), the court's subsequent dismissal included a thirty (30) day period in which Wagenknecht could refile with the tax court the dismissed portion of the complaint. In addition, the district court, reaching the merits, *sua sponte* dismissed the remainder of the Complaint.

_____

[*]The Honorable Gregory F. Van Tatenhove, United States District Judge for the Eastern District of Kentucky, sitting by designation.

1

Wagenknecht now appeals the district court's Order. He essentially argues that the district court lacked the authority to *sua sponte* dismiss his complaint. For the reasons that follow, we will AFFIRM the portion of the dismissal that found there was no subject matter jurisdiction and REVERSE the portion of the dismissal which decided Wagenknecht's claims on the merits.

## I. Background

On March 31, 2004, Wagenknecht received a "Final Notice/Notice of Intent to Levy and Notice of Your Right to a Hearing," ("Notice of Levy"). The Notice of Levy was sent to Wagenknecht pursuant to I.R.C. § 6331, which allows the IRS to levy property in satisfaction of unpaid federal tax. I.R.C. § 6331. The Notice of Levy listed two categories of amounts owed. The first category included Form 1040 tax liabilities from 1994 and 1996. The second category included civil penalty tax liabilities from 1994, 1995, and 1996.

After receiving the Notice of Levy, and pursuant to I.R.C. § 6330, Wagenknecht requested and was granted a Collections Due Process Hearing ("CDP Hearing") with an IRS Appeals Officer. The CDP Hearing was held telephonically on November 25, 2005.

Wagenknecht was informed of the outcome of the hearing through a Notice of Determination, which stated: "[i]t has been determined that no relief is to be granted and that the proposed levy action is sustained." The Notice also indicated that if he "want[ed] to dispute this determination in court, [he had] 30 days from the date of th[e] letter to file a complaint in the appropriate United States District Court for a redetermination." If Wagenknecht failed to seek a redetermination within the thirty (30) day time period, the IRS would continue with the levy.

In accordance with the Notice of Determination, on March 30, 2006, Wagenknecht filed suit in the United States District Court for the Northern District of Ohio, challenging both the civil penalties and Form 1040 liabilities.[1] The complaint named three defendants: the IRS; the Commissioner of Internal Revenue; and Lawrence Phillips, the appeals team manager. It sought abatement of all tax assessments, civil penalties, interest, and other penalties for 1994, 1995, and 1996. On May 15, service was effected on all three Defendants.

Fifteen days later, without any answer filed in the record or notice or opportunity to respond, the district court *sua sponte* dismissed the action, deciding the tax liability issue separately from the civil penalties issue. As to the former, the district court held that it lacked subject matter jurisdiction to determine Wagenknecht's challenge to his 1994 and 1996 Form 1040 tax claim. Pursuant to I.R.C. § 6330, these tax liability challenges were dismissed without prejudice, and Wagenknecht was given thirty (30) days from the date of entry of the judgment to refile the Form 1040 claims in the tax court.[2]

Unlike the Form 1040 challenge, the district court decided the civil penalties challenges on the merits, dismissing these claims after determining that Wagenknecht did "not set forth a single

---

[1] The Court notes that the United States asserts in its Brief that, pursuant to the applicable treasury regulation, Treas. Reg. § 301.6330-1(f)(2), Q&A, (F)(5) (2006), a taxpayer who seeks judicial review of a CDP hearing determination may only contest issues that properly were raised in the CDP hearing. In other words, the taxpayer must raise and exhaust the issue in his administrative appeal before presenting the issue for judicial review. It is the United States' position that since Wagenknecht failed to raise any issues relating to the civil penalties in the CDP proceeding, he could not properly challenge the civil penalties through judicial review. Nonetheless, the Court need not reach this issue given its jurisdictional holding in the instant case. The proper court to address the issue of exhaustion is the Tax Court.

[2] While the exact types of income that Wagenknecht owes under his Form 1040 filings are unclear, it appears undisputed that this income is a type of tax liability over which the tax court would normally have jurisdiction.

allegation to support his claim that the IRS was not justified in imposing separate $500 penalties for tax years 1994, 1995, and 1996, or that it was required to give notice before doing so." Under 28 U.S.C. § 1915(a)(3), the district court certified that an appeal of the action would not be taken in good faith.

Wagenknecht's appeal raises two general categories of issues. The first is whether the district court had subject matter jurisdiction over the Form 1040 claims and the civil penalty claims. The second, as discussed below, pertains to matters raised for the first time on appeal.

## II. Analysis

### A. Applicable Statute

I.R.C. § 6330 is the only statutory section applicable to this matter. The CDP hearing appellate procedure, set forth below, was in effect from December 21, 2000, through August 16, 2006, and thus applies to the instant appeal:[3]

> (d) Proceeding after hearing--
>     (1) Judicial review of determination.--The person may, within 30 days of a determination under this section, appeal such determination--
> (A) to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter); or
> (B) if the Tax Court does not have jurisdiction of the underlying tax liability, to a district court of the United States.
>     If a court determines that the appeal was to an incorrect court, a person shall have 30 days after the court determination to file such appeal with the correct court.

I.R.C. § 6330.

### B. Subject Matter Jurisdiction

As a preliminary matter, a district court's dismissal of an action for lack of subject matter jurisdiction is reviewed *de novo*. *Janis v. Ashcroft*, 348 F.3d 491, 492 (6th Cir. 2003); *Willis v. Sullivan*, 931 F.2d 390, 395 (6th Cir. 1991). When determining whether to dismiss a *pro se* complaint, these complaints "are held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

Before the IRS may levy against a person's property, it must notify the taxpayer of his right to a pre-levy hearing. I.R.C. § 6330(a)(1). These hearings are conducted by the IRS Office of Appeals. I.R.C. § 6330(b). During the hearing, a taxpayer may discuss any appropriate spousal defense, the appropriateness of the collection action, and offers to compromise. I.R.C. § 6330(c)(2)(A). The taxpayer may also challenge the underlying liability if he "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." I.R.C. § 6330(c)(2)(B).

If a taxpayer disagrees with the determination of the hearing officer, he must take his appeal within thirty (30) days of the decision. I.R.C. § 6330(d)(1). If the appeal is one in which the tax

---

[3]The *current* statute reads, "(d) Proceeding after hearing.--(1) Judicial review of determination.--The person may, within 30 days of a determination under this section, appeal such determination to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter)." Pension Protection Act of 2006, PL 109-290, § 855, 120 Stat 780, 1019 (2006).

court would have jurisdiction of the underlying tax liability, it must be presented to that court. I.R.C. § 6330(d)(1)(A). "In short, section 6330(d) provides that a taxpayer may file a petition for review of the Commissioner's administrative determination with the Tax Court *where the Court has jurisdiction of the underlying tax liability.*" *Moore v. Comm'r*, 114 T.C. 171, 175 (T.C. 2000) (emphasis added). The tax "[c]ourt's deficiency jurisdiction generally is limited to the redetermination of income, estate, and gift taxes." *Id.* If the tax court does not have jurisdiction over the appeal, it must be filed in the appropriate district court. I.R.C. § 6330(d)(1)(B). If either the district court or the tax court determines that it is not the proper court to hear the action, the taxpayer shall have thirty (30) days from the date of the jurisdictional determination to re-file in the appropriate court. In addition to the § 6330 dismissal provision, under Federal Rule of Civil Procedure 12(h), a district court may *sua sponte* dismiss an action when it lacks subject matter jurisdiction. *Janis*, 348 F.3d at 492; *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 701 (6th Cir. 1978).

The instant case presents the unique situation that arises when a CDP determination hearing involves two separate types of tax liability. On one hand, a tax court does not have jurisdiction to hear a stand-alone civil penalties tax liability challenge. *See Van Es v. Comm'r*, 115 T.C. 324, 328-29 (T.C. 2000). Jurisdiction for this type of challenge lies only in the district court.[4] *Id.* In contrast, it is undisputed that Wagenknecht's Form 1040 tax liability is a type of tax over which the tax court has jurisdiction. *See Downing v. Comm'r*, 118 T.C. 22, 27-28 (T.C. 2002). The question therefore becomes whether jurisdiction over part of a CDP appeal confers jurisdiction over the entirety of the appeal or whether jurisdiction over the CDP redetermination is vested within the tax court only to the extent that the tax court would have jurisdiction over the type of tax liability, thus requiring that the remaining portions of the determination be brought before the district court. The text of the statute does not clearly indicate whether there can be appeals filed in separate courts for different types of tax liability claims. However, this Circuit's unpublished statements concerning § 6330 redetermination jurisdiction indicate that jurisdiction for Wagenknecht's entire redetermination should have been vested solely in the tax court.

Initially, the text of the statute indicates that there should only be one appeal from a CDP determination and that jurisdiction is *either* in the district court *or* in the tax court. An appeal of a CDP hearing generally goes to the tax court and will go to a district court only "if the Tax Court does not have jurisdiction of the underlying tax liability." I.R.C. § 6330(d)(1)(B) (statutory provision in effect from December 21, 2000, through August 16, 2006). Thus, the district court will only have jurisdiction over the CDP hearing appeal if the tax court cannot establish jurisdiction on the underlying tax liability. *See* I.R.C. § 6330; *Diefenbaugh v. Weiss*, No. 00-3344, 2000 U.S. App. LEXIS 28056, at *3-4 (6th Cir. November 3, 2000) (unpublished). This dichotomy implies that there should only be jurisdiction in *one* court. In addition, the singular use of the word "determination," as opposed to "determination(s)" or "determinations," would imply that each determination should be appealed as a whole. Finally, subsection (A) of § 6330 grants the tax court jurisdiction over the entire appeal when that appeal does not go to the district court, *see id.* (stating that "the Tax Court shall have jurisdiction with respect to such matter"), which might be read to indicate that the tax court can have jurisdiction over the entire appeal if it has jurisdiction over part of the appeal.

Ultimately, the statute's reliance on one appeal from one determination is not dispositive since the statute only contemplates that there will be one type of tax liability. The statute refers to "the . . . liability." I.R.C. § 6330. This phrase assumes that there is only one type of liability at issue

---

[4] The parties have not disputed that if Wagenknecht had only appealed that portion of his IRS hearing on which there was a determination—his civil penalties tax liabilities—then he would have been required to bring the redetermination proceeding in federal district court.

in any given appeal. While one might argue that this singular use of "liability" infers that redeterminations for different types of tax liability will be filed in different courts, that reading violates the "'fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme.'" *FDA v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 133 (2000) (*quoting Davis v. Michigan Dep't of Treasury*, 489 U.S. 803, 809 (1989)). Hence, the statute should be read to contemplate only one type of liability in each CDP determination.

It does not appear that any circuit court has addressed the jurisdictional issue in situations where there are two types of tax liability at issue. However, other cases provide guidance. In an opinion holding that a district court lacked jurisdiction, we stated that "[s]ince [Appellant]'s petition involves income tax liabilities, jurisdiction over his action lies with the Tax Court." *Diefenbaugh v. Weiss*, 2000 U.S. App. LEXIS at *6. This Court further stated that when "the § 6330 proceeding involves income tax issues, the district court does not have jurisdiction to consider the case." *Id.* at *4. Therefore, we would endorse a procedure whereby any income tax issues would place the entirety of the CDP redetermination within the jurisdiction of the tax court. *Cf. Voelker v. Nolen*, 365 F.3d 580, 581 (7th Cir. 2004) (per curium) ("[A] case involving income taxes–like this one–must be filed in the Tax Court, and the district court lacks jurisdiction."); *Rael v. Apodaca*, 210 F. App'x 787, 790-91 (10th Cir. 2006) (examining whether the district court has jurisdiction when the taxpayer argues that he is not appealing his tax claims but is instead appealing due process claims and stating that the tax court should have jurisdiction since income taxes were at issue). *But see Silver v. Smith*, 70 F. App'x 17, 20 (2d Cir. 2003) (unpublished) (implying that jurisdiction can be split within an appeal in its statement that "jurisdiction is divided by the type of tax, not the type of claim").

Given the lack of clarity in the statute and this Circuit's unpublished statement on the issue in *Diefenbaugh*, § 6330 (as implemented at the time of Wagenknecht's CDP determination) should be read as conferring jurisdiction in the tax court whenever there are income tax liability issues over which the tax court would have jurisdiction. In the instant action, the tax court has exclusive jurisdiction over Wagenknecht's Form 1040 income tax liability challenges. *Downing*, 118 T.C. at 27-28. As a result, the tax court should also have exclusive jurisdiction over the entirety of Wagenknecht's CDP hearing appeal. *See* I.R.C. § 6330. The tax court's jurisdiction will therefore extend to Wagenknecht's civil penalties challenges.

Here, the district court correctly determined that it lacked subject matter jurisdiction over the income tax portion of Wagenknecht's appeal but incorrectly determined that it had subject matter jurisdiction over the civil penalties portion. Thus the district court is affirmed on its dismissal without prejudice of the income tax issues and reversed on its dismissal with prejudice of the civil penalties issues.

### C.    *Issues First Raised On Appeal*

Two issues remain. First, Wagenknecht argues that he and the district court entered into a contract when Wagenknecht paid his filing fee and that this contract was breached when the district court *sua sponte* dismissed Wagenknecht's claims. Second, Wagenknecht argues that the district Judge violated the Code of Conduct for United States Judges when he dismissed the complaint *sua sponte*.

Both of these issues are raised for the first time on appeal, a practice generally not favored. *Newmyer v. Philatelic Leasing, Ltd.*, 888 F.2d 385, 397 (6th Cir. 1989). "A federal appellate court can resolve an issue not passed on below 'where the proper resolution is beyond any doubt or where injustice ... might otherwise result.'" *Meador v. Cabinet for Human Res.*, 902 F.2d 474, 477 (6th Cir. 1990) (quoting *Newmyer*, 888 F.2d at 397). Neither the contract issue nor the ethical issue have

been raised in a lower court, either through a motion for reconsideration or as a separate matter. For these reasons, and since Wagenknecht is not likely to suffer any injury as a result of a dismissal without prejudice, the Court declines to consider these issues.[5]

## Conclusion

For the foregoing reasons, we affirm the district court's dismissal of the Form 1040 tax liability claims and reverse its dismissal with prejudice of the civil penalties claims and direct it to dismiss the entire complaint without prejudice pursuant to I.R.C. § 6330(1).

---

[5]Even if Wagenknecht could have raised the ethical issue for the first time on appeal, he should not be allowed to prevail. "As early as 1872, the Court recognized that it was 'a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him,' should 'be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Stump v. Sparkman*, 435 U.S. 349, 355 (1978) (quoting *Bradley v. Fisher*, 13 Wall. 335, 347 (1872)). A judge who acts in excess of his jurisdiction is immune from suit, whereas a judge who acts in a clear absence of any jurisdiction might not be immune from suit. *See Stump*, 435 U.S. at 355-57. Here, as evidenced by the discussion of whether there could be subject matter jurisdiction, *see, supra*, § III, the district court's absence of jurisdiction was anything but clear. Therefore, judicial immunity bars Wagenknecht's arguments.