*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 08a0250a.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

CARL R. WAGENKNECHT, JR.,

        *Plaintiff-Appellant,*

    *v.*

UNITED STATES, INTERNAL REVENUE SERVICE;
COMMISSIONER, INTERNAL REVENUE SERVICE;
MARK EVERSON; LAWRENCE PHILLIPS,

        *Defendants-Appellees.*

No. 06-4161

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 06-00726—John R. Adams, District Judge.

Submitted: July 24, 2007

Decided and Filed: July 9, 2008

Before: KEITH and GRIFFIN, Circuit Judges; VAN TATENHOVE, District Judge.[*]

_____

## COUNSEL

**ON BRIEF:** Regina S. Moriarty, Michael J. Haungs, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellees. Carl R. Wagenknecht, Jr., Akron, Ohio, pro se.

_____

## AMENDED OPINION

_____

VAN TATENHOVE, District Judge. This matter is before the court on Respondents' motion to supplement the record on appeal and petition for panel rehearing. Upon consideration of the relevant briefs and the record, we grant the motion to supplement the record on appeal, vacate our prior opinion, *Wagenknecht v. United States*, 509 F.3d 729 (6th Cir. 2007), and replace it with this amended opinion.

On March 30, 2006, Carl R. Wagenknecht, Jr., ("Wagenknecht") filed a complaint alleging a wrongful determination and levy on the part of the Internal Revenue Service ("IRS") and seeking a redetermination of the decision. On May 30, 2006, the district court *sua sponte* dismissed the

---

[*]The Honorable Gregory F. Van Tatenhove, United States District Judge for the Eastern District of Kentucky, sitting by designation.

portion of the complaint challenging the income tax levies for lack of subject matter jurisdiction. Pursuant to I.R.C. § 6330(d)(1)(B), the dismissal included a thirty (30) day period in which Wagenknecht could refile with the Tax Court the dismissed portion of the complaint. In addition, the district court, reaching the merits, *sua sponte* dismissed the remainder of the Complaint.

Wagenknecht now appeals the district court's Order. He essentially argues that the district court lacked the authority to *sua sponte* dismiss his complaint. For the reasons that follow, we will AFFIRM the portion of the dismissal that found there was no subject matter jurisdiction over the income tax challenge and REVERSE the portion of the dismissal which decided Wagenknecht's claims on the merits.

## I. Background

On March 31, 2004, Wagenknecht received a "Final Notice/Notice of Intent to Levy and Notice of Your Right to a Hearing," ("Notice of Levy"). The Notice of Levy was sent to Wagenknecht pursuant to I.R.C. § 6331, which allows the IRS to levy property in satisfaction of unpaid federal tax. I.R.C. § 6331. The Notice of Levy listed two categories of amounts owed. The first category included Form 1040 tax liabilities from 1994 and 1996. The second category included civil penalty tax liabilities from 1994, 1995, and 1996 assessed pursuant to I.R.C. § 6702.

After receiving the Notice of Levy, and pursuant to I.R.C. § 6330, Wagenknecht requested and was granted a Collections Due Process Hearing ("CDP Hearing") with an IRS Appeals Officer. The CDP Hearing was held telephonically on November 25, 2005. No relief was granted and the levy action was sustained.

The IRS informed Wagenknecht of the outcome of the hearing through two separate Notices of Determination. One Notice addressed the 1040 tax liabilities for 1994 and 1996 ("Tax Notice"), while the other Notice indicated the outcome regarding the civil penalties for 1994, 1995, and 1996 ("Penalties Notice"). The Penalties Notice instructed that if he "want[ed] to dispute this determination in court, [he had] 30 days from the date of th[e] letter to file a complaint in the appropriate United States District Court for a redetermination." The Tax Notice provided that a dispute should be made by "fil[ing] a petition with the United States Tax Court for a redetermination within 30 days of th[e] letter." If Wagenknecht failed to seek a redetermination within the thirty (30) day time period, the IRS would continue with the levy.

Despite the instructions in the two Notices of Determination, on March 30, 2006, Wagenknecht filed suit in the United States District Court for the Northern District of Ohio, challenging *both* the civil penalties and Form 1040 liabilities.[1] The complaint named three defendants: the IRS; the Commissioner of Internal Revenue; and Lawrence Phillips, the appeals team manager. It sought abatement of all tax assessments, civil penalties, interest, and other penalties for 1994, 1995, and 1996. On May 15, service was effected on all three Defendants.

Fifteen days later, without any answer filed in the record or notice or opportunity to respond, the district court *sua sponte* dismissed the action, deciding the income tax liability issue separately from the civil penalties issue. As to the former, the district court held that it lacked subject matter

---

[1] The court notes that the United States asserts in its Brief that, pursuant to the applicable treasury regulation, Treas. Reg. § 301.6330-1(f)(2), Q&A, (F)(5) (2006), a taxpayer who seeks judicial review of a CDP hearing determination may only contest issues that properly were raised in the CDP hearing. In other words, the taxpayer must raise and exhaust the issue in his administrative appeal before presenting the issue for judicial review. It is the United States' position that since Wagenknecht failed to raise any issues relating to the civil penalties in the CDP proceeding, he could not properly challenge the civil penalties through judicial review. Nonetheless, the court need not reach this issue given its jurisdictional holding in the instant case. The proper court to address the issue of exhaustion is the Tax Court.

jurisdiction to determine Wagenknecht's challenge to his 1994 and 1996 Form 1040 tax claim. Pursuant to I.R.C. § 6330, these tax liability challenges were dismissed without prejudice, and Wagenknecht was given thirty (30) days from the date of entry of the judgment to refile the Form 1040 claims in the Tax Court.[2]

Unlike the Form 1040 challenge, the district court decided the civil penalties challenges on the merits, dismissing these claims after determining that Wagenknecht did "not set forth a single allegation to support his claim that the IRS was not justified in imposing separate $500 penalties for tax years 1994, 1995, and 1996, or that it was required to give notice before doing so." Under 28 U.S.C. § 1915(a)(3), the district court certified that an appeal of the action would not be taken in good faith.

Wagenknecht's appeal raises three general categories of issues. The first is whether the district court had subject matter jurisdiction over the Form 1040 claims and the civil penalty claims. The second is whether the district court properly dismissed *sua sponte* the civil penalties claims. The third pertains to matters raised for the first time on appeal.

## II. Analysis

### A. *Applicable Statute*

I.R.C. § 6330 is the only statutory section applicable to this matter. The CDP hearing appellate procedure, set forth below, was in effect from December 21, 2000, through August 16, 2006, and thus applies to the instant appeal:[3]

> (d) Proceeding after hearing--
>> (1) Judicial review of determination.--The person may, within 30 days of a determination under this section, appeal such determination--
> (A) to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter); or
> (B) if the Tax Court does not have jurisdiction of the underlying tax liability, to a district court of the United States.
>> If a court determines that the appeal was to an incorrect court, a person shall have 30 days after the court determination to file such appeal with the correct court.

I.R.C. § 6330.

---

[2] While the exact types of income that Wagenknecht owes under his Form 1040 filings are unclear, it appears undisputed that this income is a type of tax liability over which the Tax Court would normally have jurisdiction.

[3] The *current* statute reads, "(d) Proceeding after hearing.--(1) Judicial review of determination.--The person may, within 30 days of a determination under this section, appeal such determination to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter)." Pension Protection Act of 2006, PL 109-290, § 855, 120 Stat 780, 1019 (2006).

B.　　　*Subject Matter Jurisdiction*

As a preliminary matter, a district court's dismissal of an action for lack of subject matter jurisdiction is reviewed *de novo*. *Janis v. Ashcroft*, 348 F.3d 491, 492 (6th Cir. 2003); *Willis v. Sullivan*, 931 F.2d 390, 395 (6th Cir. 1991). When determining whether to dismiss a *pro se* complaint, these complaints "are held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

Before the IRS may levy against a person's property, it must notify the taxpayer of his right to a pre-levy hearing. I.R.C. § 6330(a)(1). These hearings are conducted by the IRS Office of Appeals. I.R.C. § 6330(b). During the hearing, a taxpayer may discuss any appropriate spousal defense, the appropriateness of the collection action, and offers to compromise. I.R.C. § 6330(c)(2)(A). The taxpayer may also challenge the underlying liability if he "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." I.R.C. § 6330(c)(2)(B).

If a taxpayer disagrees with the determination of the hearing officer, he must take his appeal within thirty (30) days of the decision. I.R.C. § 6330(d)(1). If the appeal is one in which the Tax Court would have jurisdiction of the underlying tax liability, it must be presented to that court. I.R.C. § 6330(d)(1)(A). "In short, section 6330(d) provides that a taxpayer may file a petition for review of the Commissioner's administrative determination with the Tax Court *where the Court has jurisdiction of the underlying tax liability*." *Moore v. Comm'r*, 114 T.C. 171, 175 (T.C. 2000) (emphasis added). The tax "[c]ourt's deficiency jurisdiction generally is limited to the redetermination of income, estate, and gift taxes." *Id.* If the Tax Court does not have jurisdiction over the appeal, it must be filed in the appropriate district court. I.R.C. § 6330(d)(1)(B). If either the district court or the Tax Court determines that it is not the proper court to hear the action, the taxpayer shall have thirty (30) days from the date of the jurisdictional determination to re-file in the appropriate court. In addition to the § 6330 dismissal provision, under Federal Rule of Civil Procedure 12(h), a district court may *sua sponte* dismiss an action when it lacks subject matter jurisdiction. *Janis*, 348 F.3d at 492; *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 701 (6th Cir. 1978).

The instant case presents the jurisdictional situation that arises when a taxpayer challenges both a 1040 tax determination and a Section 6702 civil penalties determination by filing a single complaint in the district court. While jurisdiction for an appeal of a CDP determination related to income tax liabilities lies solely in the Tax Court, s*ee* I.R.C. § 6330(d); *Downing v. Comm'r*, 118 T.C. 22, 27-28, 2002 WL 15574 (2002); *Landry v. Comm'r*, 116 T.C. 60, 62, 2001 WL 77050 (2001), jurisdiction over a Section 6702 civil penalties determination challenge rests in the district court alone. *See Hansen v. Comm'r*, 1996 WL 135690, *3 (T.C. March 27, 1996) ("Section 6703(b) specifies that the deficiency procedures do not apply to the assessment or collection of [a frivolous returns] penalty. Thus the U.S. District Court, and not the Tax Court, has exclusive jurisdiction to consider the merits of a frivolous return penalty."); *Van Es v. Comm'r*, 115 T.C. 324, 328-29, 2000 WL 1520321 (2000) (pursuant to I.R.C. § 6703(b) and (c), the Tax Court does not have jurisdiction over a determination related to Section 6702 penalties).

Where, following a CDP Hearing, there are separate Notices of Determination addressing both taxes over which the Tax Court has subject matter jurisdiction and issues over which the Tax Court does not have subject matter jurisdiction, the proper procedure is for the taxpayer to appeal each portion of the CDP determination to the court which has subject matter jurisdiction over the type of tax or penalty at issue. And, as in the instant matter, where the taxpayer appealed multiple elements of a CDP determination to a district court, the district court retains jurisdiction over all matters over which the Tax Court does not have subject matter jurisdiction. The district court

should dismiss without prejudice the appeal of all elements over which the Tax Court has subject matter jurisdiction pursuant to I.R.C. § 6330(d)(1)(A), and this appeal should be filed in the Tax Court in a manner consistent with language of the Notice of Determination addressing those elements. *See, e.g., Gorospe v. Comm'r*, 451 F.3d 966, 968-70 (9th Cir. 2006) (affirming the Tax Court's dismissal for lack of subject matter jurisdiction of taxpayer's appeal of penalties over which the Tax Court lacked subject matter jurisdiction. The Tax Court retained the challenges to the taxes over which it had jurisdiction.).

Thus, in the instant case, the district properly dismissed without prejudice Wagenknecht's appeal of the CDP determination of 1040 tax liability for want of subject matter jurisdiction. Jurisdiction over this appeal properly lies only in the Tax Court. The district court also properly determined that it had subject matter jurisdiction over the appeal of the CDP determination of civil penalties. However, the district court's *sua sponte* dismissal of Appellant's appeal of the CDP determination of his civil penalties requires further analysis.

As a general rule, "a district court may not *sua sponte* dismiss a complaint where the filing fee has been paid unless the court gives the plaintiff opportunity to amend the complaint." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). In *Tingler v. Marshall*, 716 F.2d 1109 (6th Cir. 1983), we established that when "faced with a complaint which it believes may be subject to dismissal[,]" a district court must: "(1) allow service of the complaint upon the defendant; (2) notify all parties of its intent to dismiss the complaint; (3) give the plaintiff a chance to either amend his complaint or respond to the reasons stated by the district court in its notice of intended *sua sponte* dismissal; (4) give the defendant a chance to respond or file an answer or motions; and (5) if the claim is dismissed, state its reasons for the dismissal." *Id*. at 1112.[4]

There is a small exception to the requirements of *Tingler*: "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple*, 183 F.3d at 479. Although the *Apple* court affirmed the district court's *sua sponte* dismissal, it cautioned that while it "reach[ed] this conclusion because of the utter implausibility of [the] complaint . . . . most complaints will not be so clearly insufficient as to warrant dismissal under Rule 12(b)(1), but instead should be handled under Rule 12(b)(6) of the Federal Civil Rules of Procedure if the complaint fails to state a claim upon which relief can be granted." *Id*. at 480 In *Apple*, the plaintiff sued "Senator John Glenn, Chief Justice William Rehnquist, and other top government officials, claiming that the defendants violated his First Amendment right to petition the government because they did not answer his many letters or take the action requested in those letters." *Id*. at 478-79. The claims in the instant complaint are not nearly as implausible.

The district court held that Wagenknecht's appeal of the CDP determination of civil penalties fit within this small exception to *Tingler* because "Mr. Wagenknecht cannot refuse to pay civil penalties based simply on his belief that I.R.S. tax codes do not apply to him, or that he is not required to pay income taxes as a general rule[,]" and "Mr. Wagenknecht has not set forth a single allegation to support his claim that the I.R.S. was not justified in imposing separate $500 penalties for tax years 1994, 1995, and 1996, or that it was required to give notice before doing so." However, the district court overlooked the claim in Wagenknecht's complaint that he "has reason to believe that the Civil Penalty(s) for 1994, 1995, and 1996 have been paid." (Compl. ¶ 11.) While this claim may ultimately be found to lack merit, it is not so "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" to warrant *sua sponte*

---

[4]The Prison Litigation Reform Act overruled the *Tingler* procedures to the extent that they apply to plaintiffs filing *in forma pauperis*. *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997) (citing 28 U.S.C. § 1915(e)(2)). Since Wagenknecht paid his filing fee, the *Tingler* procedures apply to the instant case.

dismissal. *Apple*, 183 F.3d at 479. Accordingly, it was error for the district court not to follow the *Tingler* procedures.

> ### C.          *Issues First Raised On Appeal*

Two issues remain. First, Wagenknecht argues that he and the district court entered into a contract when Wagenknecht paid his filing fee and that this contract was breached when the district court *sua sponte* dismissed Wagenknecht's claims. Second, Wagenknecht argues that the district Judge violated the Code of Conduct for United States Judges when he dismissed the complaint *sua sponte*.

Both of these issues are raised for the first time on appeal, a practice generally not favored. *Newmyer v. Philatelic Leasing, Ltd.*, 888 F.2d 385, 397 (6th Cir. 1989). "A federal appellate court can resolve an issue not passed on below 'where the proper resolution is beyond any doubt or where injustice . . . might otherwise result.'" *Meador v. Cabinet for Human Res.*, 902 F.2d 474, 477 (6th Cir. 1990) (quoting *Newmyer*, 888 F.2d at 397). Neither the contract issue nor the ethical issue have been raised in a lower court, either through a motion for reconsideration or as a separate matter. For these reasons, and since Wagenknecht is not likely to suffer any injury as a result of a dismissal without prejudice, the court declines to consider these issues.[5]

## Conclusion

For the foregoing reasons, we affirm the district court's dismissal of the Form 1040 tax liability claims and reverse its dismissal with prejudice of the civil penalties claims. This case is remanded for the district court to proceed in a manner consistent with this opinion.

---

[5]Even if Wagenknecht could have raised the ethical issue for the first time on appeal, he could not prevail. "As early as 1872, the Court recognized that it was 'a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him,' should 'be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Stump v. Sparkman*, 435 U.S. 349, 355 (1978) (quoting *Bradley v. Fisher*, 13 Wall. 335, 347 (1872)). A judge who acts in excess of his jurisdiction is immune from suit, whereas a judge who acts in a clear absence of any jurisdiction might not be immune from suit. *See Stump*, 435 U.S. at 355-57. Here, as evidenced by the discussion of whether there could be subject matter jurisdiction, *see, supra*, § III, the district court's absence of jurisdiction was anything but clear. Therefore, judicial immunity bars Wagenknecht's arguments.