T.C. Memo. 2009-88

UNITED STATES TAX COURT

JOHN M. COBIN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16905-05L.                  Filed April 28, 2009.

John M. Cobin, pro se.

<u>Steven M. Webster</u>, for respondent.

MEMORANDUM OPINION

WELLS, <u>Judge</u>:  Petitioner seeks review, pursuant to section 6330,[1] of respondent's determination to proceed with the

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.

collection of petitioner's tax liabilities of $51,428.76 and $87,526.49, respectively, for his 1991 and 1992 taxable years. The issues we must decide are: (1) Whether this Court has jurisdiction to review respondent's determination to proceed with collection of a frivolous return penalty assessed against petitioner pursuant to section 6702; (2) whether petitioner received and failed to report taxable income for his 1991 and 1992 taxable years; (3) whether petitioner is liable for the addition to tax assessed pursuant to section 6651(a)(1) for the failure to timely file a Federal income tax return for his 1991 and 1992 taxable years; (4) whether petitioner is liable for the addition to tax assessed pursuant to section 6654(a) for failure to pay estimated taxes for his 1991 and 1992 taxable years; and (5) whether respondent's settlement officer abused her discretion in determining that respondent's collection actions may proceed.

## Background

None of the facts have been stipulated, because petitioner claimed the protection of the Fifth Amendment to the U.S. Constitution. In his petition, petitioner stated that he was a resident of South Carolina.

In documents that he sent to respondent, petitioner made various tax-protester arguments. He argued that, because he was white, he was a "sovereign citizen of Oregon" and a "non-resident alien of the United States". He claimed that his sovereign

status made his body real property, gave him the ability to opt out of paying Federal taxes by revoking an election he had purportedly made under section 871(d), and allowed him to keep all of the income his labor generated. Otherwise, he argued, making him pay taxes would subject him to involuntary servitude.

For his 1991 taxable year petitioner filed a Form 1040NR, U.S. Nonresident Alien Income Tax Return, on which he listed an Oregon address. Petitioner crossed out large portions of the Form 1040NR, wrote "N/A" on several lines, reported tax of $163 on income not effectively connected with a U.S. trade or business, sought a refund of $837 based on $1,000 paid with an extension request, and altered the jurat by adding "with express reservation of all my rights in law and equity, and all other natures of law." Petitioner also attached a page from a Form 1040X, Amended U.S. Individual Income Tax Return, on which he attempted to revoke his purported section 871(d) election. In the Form 1040X petitioner stated in pertinent part:

> I am a nonresident alien individual who at no time during the year was either engaged in or received gross income that was effectively connected with the conduct of a trade or business within the political jurisdiction of the United States and pursuant to the authority of 26 U.S.C. 871(d) and 26 C.F.R. 1.871-10(d)(1)(i) and the controlling underlying substantive law, I hereby revoke without the consent of the Commissioner the previous election made under 26 U.S.C. 871(d). Each of the changes in column B, page 1, are caused by this revocation (1040NRs attached in support thereof). We have arrived at these determinations after study of the I.R.C., C.F.R., Constitution, and court cases. If you have

reason to believe that we are wrong in our reasons, please inform us in writing at the address given on the reverse side.  If we have not received an answer within 30 days, we will assume that you agree with our conclusions; This document serves as a confirmatory writing between merchants.

Petitioner did not file any nonfrivolous Federal income tax returns for taxable years 1991 and 1992.  Using third-party information returns and a bank deposits analysis, respondent determined tax deficiencies and additions to tax for petitioner's taxable years 1991 and 1992 as follows:

| | | Additions to Tax | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6654 |
| 1991 | $33,519 | $ 8,380 | $1,929 |
| 1992 | 61,440 | 15,360 | 2,683 |

Petitioner earned nonemployee compensation of $18,563 during 1991, had capital gains of $1,577 and $17,240 during 1991 and 1992, respectively, and had other income of $494 and $1,995 during 1991 and 1992, respectively.  On the basis of bank deposits, petitioner also had gross receipts from a business activity of $77,961 and $165,695 respectively, for his 1991 and 1992 taxable years.

On March 31, 1994, using the addresses on petitioner's earlier correspondence, respondent sent petitioner a notice of deficiency for petitioner's taxable years 1991 and 1992 (notice of deficiency) to three different addresses:  (a) 900 Rancho Vista Drive, Grants Pass, Oregon 95726-3746 (Grants Pass address); (b) P.O. Box 665, Rogue River, Oregon 97537; (c) 510 E.

Main, Suite 2, Rogue River, Oregon 97537. All three of the envelopes containing the notice of deficiency were returned with a postage label that stated "Moved Left No Address Unable To Forward Return to Sender." The record contains copies of the returned envelopes. At that time petitioner had not filed a Federal income tax return for any taxable year after 1991, but the Grants Pass address is the address petitioner used on the 1040NR he submitted to respondent.

The tax liabilities for 1991 and 1992, including additions to tax, were assessed on September 12, 1994. On May 9, 1994, respondent assessed against petitioner a penalty of $500 under section 6702 for taxable year 1992 for filing a frivolous document purporting to be an income tax return.

On November 21, 2003, respondent sent petitioner a final notice of intent to levy and notice of his right to a hearing regarding his tax liabilities for taxable years 1991 and 1992 including the frivolous return penalty for 1992.

On November 24, 2003, respondent issued a notice of Federal tax lien regarding the 1991 and 1992 income tax liabilities and the frivolous return penalty for 1992. On November 28, 2003, respondent sent petitioner a notice of the filing of a Federal tax lien and of his right to a hearing regarding the lien.

On December 22, 2003, petitioner timely mailed to respondent a Form 12153, Request for a Collection Due Process Hearing, in

which he requested a face-to-face meeting (Appeals hearing request). In his Appeals hearing request petitioner contended that the proposed collection actions were inappropriate in part because he had six dependent children and little income. He did not substantiate his claims.

On May 19, 2004, respondent's Appeals Office (Appeals Office) sent petitioner a letter scheduling a correspondence hearing for June 9, 2004. The letter stated that if petitioner wanted a face-to-face meeting, he had to submit to the Appeals Office by June 2, 2004, the specific collection alternatives he was proposing and a completed and signed financial information statement with all necessary attachments. The letter further stated that the Appeals Office would not consider collection alternatives unless petitioner filed tax returns for 1993 through 2003. Respondent attached to the letter a computerized transcript for each of the periods in issue.

In a letter dated May 26, 2004, petitioner responded to the settlement officer assigned to the case by the Appeals Office. In his response petitioner contended that the requested face-to-face meeting "was (and is) not for you to hear a response from me to you about your allegations, but rather for us to hear you explain why you have made these false accusations and taken these wrongful actions against me." Petitioner also asserted that he had not received the notice of deficiency and challenged the

underlying tax liability.  Petitioner claimed that during the years in issue he had several dependents and low pay and did not owe any income tax.  Petitioner asserted that he could produce documentation to support his claim that he did not owe income tax for the years in issue.  Petitioner did not provide, at the administrative level or at trial, any testimony or documentary evidence to dispute the underlying tax liability set out in the notice of deficiency. Petitioner did not propose specific collection alternatives, nor did he provide the requested financial information and tax returns.

On July 8, 2004, the settlement officer sent petitioner two notices of determination upholding the lien and levy to collect petitioner's 1991 and 1992 tax liabilities, including the frivolous return penalty.  The notices stated that: (1) Respondent had followed all administrative, procedural, and statutory requirements in filing the notice of Federal tax lien and issuing the notice of intent to levy; (2) petitioner had failed to successfully challenge the assessed liabilities; (3) petitioner had failed to propose a viable collection alternative; and (4) the proposed collection actions balanced the need for efficient tax collection with petitioner's concern that they not be more intrusive than necessary.

Discussion

Section 6330 provides that no levy may be made on any property or right to property of a person unless the Commissioner first notifies the person in writing of the right to a hearing before the Appeals Office. Section 6330(c), (d), and (e) governs the conduct of a hearing requested under section 6330.

Section 6320(a)(1) requires the Commissioner to give any person liable to pay tax written notice of the filing of a tax lien upon that taxpayer's property. The notice must inform the taxpayer of the right to request a hearing in the Commissioner's Appeals Office. Sec. 6320(a)(3)(B), (b)(1). Section 6330(c), (d), and (e) governs the conduct of a hearing requested under section 6320. Sec. 6320(c).

I.  Jurisdiction Over Frivolous Return Penalty

This Court does not have jurisdiction to review a section 6330 determination, issued before 2006, to proceed with collection of a frivolous return penalty assessed under section 6702.[2] Wagenknecht v. United States, 533 F.3d 412, 416 (6th Cir. 2008); Van Es v. Commissioner, 115 T.C. 324, 328 (2000); Dunbar v. Commissioner, T.C. Memo. 2006-184. Accordingly, we will

_____

[2]Sec. 6330(d)(1) was amended by the Pension Protection Act of 2006 (PPA), Pub. L. 109-280, sec. 855, 120 Stat. 1019. For sec. 6330 determinations issued after the effective date of the PPA, this Court does have jurisdiction over frivolous return penalties. See Callahan v. Commissioner, 130 T.C. 44, 48-49 (2008). The PPA is effective for determinations made after Oct. 16, 2006. Id. at 48 n.4. Because the notice of determination in the instant case was issued in 2004, the PPA does not apply.

dismiss on our own motion so much of the petition as seeks review of the notice of determination as it relates to the frivolous return penalty under section 6702.[3]

## II. Respondent's Determination To Proceed With Collection

At a hearing requested under section 6320 or 6330 the taxpayer may raise any relevant issues including appropriate spousal defenses, challenges to the appropriateness of collection actions, and collection alternatives. Sec. 6330(c)(2)(A). However, the taxpayer may challenge the underlying tax liability only if the taxpayer did not receive a statutory notice of deficiency for the tax liability and did not otherwise have an opportunity to dispute the tax liability. Sec. 6330(c)(2)(B). In addition to considering issues the taxpayer raised under section 6330(c)(2), the Appeals Officer must also obtain verification that requirements of any applicable law or administrative procedure have been met. Sec. 6330(c)(1).

Where the validity of the underlying tax liability is properly in issue, the Court will review the matter de novo.

---

[3]To the extent that this Court does not have jurisdiction, the appeal must be filed in the appropriate District Court. See sec. 6330(d)(1)(B). Generally, petitioner would have 30 days after a determination that this Court lacks jurisdiction to file an appeal in the appropriate court. See sec. 6330(d)(1). However, it appears that the collection determination with respect to the frivolous return penalty has already been reviewed in District Court. See Cobin v. United States, 96 AFTR 2d 2005-5681 (D.S.C. 2005), affd. 164 Fed. Appx. 387 (4th Cir. 2006).

Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). Where the validity of the underlying tax is not properly in issue, however, the Court will review the Commissioner's determination for abuse of discretion. Sego v. Commissioner, supra at 610; Goza v. Commissioner, supra at 182.

Respondent concedes that petitioner did not receive a copy of the notice of deficiency when it was mailed to him during 1994 and that petitioner's underlying tax liability is properly in issue. As a general rule, the Commissioner's determinations in a notice of deficiency are presumed correct, Welch v. Helvering, 290 U.S. 111, 115 (1933), and Rule 142(a) places the burden of proving an error on the taxpayer.[4] For the presumption of correctness to apply with regard to unreported income, the Commissioner must provide a minimal evidentiary foundation showing that there is a link between the taxpayer and either the taxable income or the income-producing activity. Petzoldt v. Commissioner, 92 T.C. 661, 687-688 (1989); Dunn v. Commissioner, T.C. Memo. 2008-63.

---

[4]For court proceedings arising in connection with examinations commenced after July 22, 1998, the Commissioner has the burden of production with respect to additions to tax. Sec. 7491(c). In the instant case, because the notice of deficiency was issued in 1994, sec. 7491(c) does not apply.

Respondent's revenue agent who conducted the audit of petitioner's taxable years 1991 and 1992 testified at trial. The revenue agent indicated that she used third-party information returns and a bank deposits analysis to determine petitioner's tax deficiencies for 1991 and 1992. Respondent introduced copies of petitioner's bank statements and a summary of the third-party information returns upon which the 1991 and 1992 deficiencies were based. Respondent provided a minimal evidenciary foundation linking petitioner to the income that respondent sought to tax, so the presumption of correctness applies. Petitioner did not offer any evidence at trial to refute respondent's determination of petitioner's unreported income. On the basis of the record, petitioner has failed to show that respondent's determination of deficiencies in petitioner's income tax for 1991 and 1992 was not correct.

The only arguments that petitioner has raised are frivolous tax-protester type arguments. We do not address petitioner's frivolous and groundless arguments with "somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some degree of colorable merit." See <u>Crain v. Commissioner</u>, 737 F.2d 1417, 1417 (5th Cir. 1984). Likewise, we see no reason to remand the instant case to respondent's Appeals Office since petitioner offered no substantive evidence at trial contravening the determinations in the notice of deficiency. See

Lunsford v. Commissioner, 117 T.C. 183, 189 (2001).  Accordingly, we uphold respondent's determination of deficiencies in petitioner's income tax for the 1991 and 1992 taxable years.

Also to be decided is whether petitioner is liable for the additions to tax assessed by respondent under section 6651(a)(1) for failure to timely file tax returns and section 6654 for failure to make estimated tax payments.  Section 6012 requires the filing of an income tax return by all individuals receiving gross income in excess of certain minimums.  Section 6651(a)(1) imposes an addition to tax for failure to file an income tax return.  Because petitioner's gross income for 1991 and 1992, as determined by respondent in the notice of deficiency and upheld by this Court above, exceeded the section 6012 minimum, petitioner was required to file Federal income tax returns for 1991 and 1992.  Respondent determined on the basis of certified transcripts that petitioner did not file a valid tax return for taxable year 1991 or 1992.[5]  Petitioner did not introduce any evidence to persuade us that respondent's determination was not correct.

Even where a taxpayer failed to file a return, the taxpayer may be relieved of the addition to tax if he can demonstrate that

_____

[5]Petitioner's Form 1040NR and Form 1040X were not valid tax returns for purposes of sec. 6651(a)(1) because neither contained sufficient data to calculate petitioner's tax liability.  See Beard v. Commissioner, 82 T.C. 766, 777 (1984), affd. 793 F.2d 139 (6th Cir. 1986); Dunham v. Commissioner, T.C. Memo. 1998-52.

the "failure is due to reasonable cause and not due to willful neglect". Sec. 6651(a). Willful neglect means conscious intentional failure or reckless indifference. United States v. Boyle, 469 U.S. 241, 245 (1985). Section 301.6651-1(c)(1), Proced. & Admin. Regs., states that, if a taxpayer exercises ordinary business care and prudence and is nevertheless unable to file on time, then the delay is due to reasonable cause. Petitioner has failed to demonstrate reasonable cause for his failure to file for 1991 and 1992, citing only frivolous, tax-protester arguments. See Yoder v. Commissioner, T.C. Memo. 1990-116 (holding misguided interpretations of the Constitution are not reasonable cause). The additions to tax under section 6651(a)(1) for the taxable years in issue are accordingly sustained.

Section 6654(a) imposes an addition to tax for failure to pay estimated income tax. Section 6654 applies where prepayments of tax, either through withholdings or by making estimated quarterly payments, do not equal the percentage of total liability required under the statute, unless one of the several exceptions under section 6654(e) applies. Niedringhaus v. Commissioner, 99 T.C. 202, 222 (1992). Petitioner had tax liabilities for the taxable years in issue yet failed to make any estimated payments. The additions to tax under section 6654 for the taxable years in issue are accordingly sustained.

We conclude that respondent's determination of petitioner's underlying tax liabilities for 1991 and 1992, as set out in the notice of deficiency, is correct. Respondent's settlement officer verified that the requirements of section 6330(c)(1) were met. Petitioner did not raise any spousal defenses, nor did petitioner offer any collection alternatives to the settlement officer. Accordingly, we hold that respondent's settlement officer committed no error and did not abuse her discretion in determining that collection could proceed.

III. Section 6673 Penalty

Section 6673(a)(1) provides that this Court may require the taxpayer to pay a penalty not in excess of $25,000 whenever it appears to this Court that: (a) The proceedings were instituted or maintained by the taxpayer primarily for delay; (b) the taxpayer's position is frivolous or groundless; or (c) the taxpayer unreasonably failed to pursue available administrative remedies. Petitioner was warned that this Court could impose a penalty if he persisted in raising frivolous tax-protester arguments. Despite being warned, petitioner raised frivolous arguments throughout the Appeals process, in his petition to this Court, and in his briefs. Accordingly, we shall impose a $15,000 penalty on petitioner pursuant to section 6673.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.