T.C. Memo. 2008-179

UNITED STATES TAX COURT

CARL ROBERT WAGENKNECHT, JR., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6315-06L.                    Filed July 29, 2008.

Carl Robert Wagenknecht, Jr., pro se.

<u>Cathy J. Horner</u>, for respondent.

MEMORANDUM OPINION

JACOBS, <u>Judge</u>:[1]  This matter is before the Court on
respondent's motion for summary judgment to proceed to collect by
levy petitioner's unpaid tax liabilities for 1994 and 1996.  All
section references are to the Internal Revenue Code as amended,

---

[1]This case was assigned to Judge Julian I. Jacobs for
disposition by order of the Chief Judge on Apr. 30, 2008.

and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

Petitioner resided in Ohio when he filed his petition. For convenience, we separately state the relevant facts for each year at issue.

### 1994

Petitioner and Jacqueline J. Miller-Wagenknecht (petitioner's spouse) timely filed a joint income tax return for 1994. The return was prepared with the assistance of a tax preparer and describes petitioner's occupation as "part-time lawyer/full time teacher" and petitioner's spouse's occupation as "sales/consultant". The joint return reported $43,241 of wages, $39,489 of itemized deductions, $556 of tax, and $6,782 of credits from wage withholdings.

Two Schedules C, Profit or Loss From Business, were attached to the return. One Schedule C related to petitioner's spouse's activity as an insurance salesperson and consultant. It reflected $264,542 of gross income, $260,556 of expenses, and a net profit of $3,986. The other Schedule C related to petitioner's activity as a lawyer. It reflected $6,180 of gross income, $6,233 of total expenses, and a net loss of $53.

Respondent assessed the $556 of tax shown on the return on June 5, 1995.

The return was audited, and respondent thereafter determined a $15,895 deficiency. Respondent issued a notice of deficiency to petitioner and his spouse on February 14, 1997. The notice was received, but neither petitioner nor his spouse petitioned this Court contesting respondent's determination. Respondent assessed the $15,895 deficiency on July 21, 1997.

Respondent demanded payment of the 1994 deficiency as well as payment for amounts petitioner and his spouse owed for 1995 and 1996. When payment was not made, respondent determined that enforced collection action for each of these years would be required. On March 31, 2004, respondent mailed petitioner a Letter 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing (final notice of intent to levy), for 1994, 1995, and 1996.[2] According to respondent's final notice of intent to levy, petitioner's unpaid tax liability for 1994 exceeded $20,000. In response to the final notice of intent to levy, on April 24, 2004, petitioner requested a hearing under section 6330 for 1994 and 1996. In his request for a hearing, petitioner maintained that all of the alleged deficiencies for

---

[2]Even though 1995 was included in the final notice of intent to levy, respondent's subsequent notice of determination, described infra, states that inasmuch as there was no delinquent tax liability for 1995, that year is not at issue.

the years at issue were due to items attributable to his spouse,[3] and he inquired whether the Internal Revenue Service (IRS) had collected or attempted to collect the alleged deficiencies from her. In addition, among other things, petitioner asserted that all collection activities by the IRS were time barred.

In a letter dated August 22, 2005, respondent's settlement officer advised petitioner: (1) Inasmuch as petitioner had received a notice of deficiency but did not petition this Court for a redetermination of the deficiency, petitioner could not raise the issue of his underlying tax liability for 1994 at his section 6330 hearing; and (2) petitioner had the right to request innocent spouse relief.

Petitioner's section 6330 hearing with respect to 1994 and 1996, described more fully below, was conducted by telephone on November 21, 2005.

1996

Petitioner and his spouse filed a 1996 joint tax return dated October 15, 1997. Petitioner claims the return was filed on October 15, 1997, whereas respondent asserts the return was filed on October 20, 1997.[4] The return was prepared with the assistance of a certified public accountant and described

---

[3]It appears that by April 2004 petitioner lived separately from Jacqueline J. Miller-Wagenknecht.

[4]Petitioner requested and received an extension of time until Oct. 15, 1997, to file his 1996 return.

petitioner's occupation as teacher and stated petitioner's spouse is "currently disabled".

The return reported $43,968 of wages, $100,793 of itemized deductions (including a $22,135 deduction for charitable contributions and a $45,031 deduction for legal fees), zero tax, and $7,722 of credits from wage withholdings, which petitioner claimed as a tax refund. Attached to petitioner's return was a Schedule C relating to petitioner's activity as a lawyer which reflected $7,450 of gross income, $8,491 of total expenses, and a net loss of $1,041. Total income and adjusted gross income were reported to be the same; i.e., $44,270.

Respondent determined that there was a $104,503 deficiency for 1996 and issued a notice of deficiency to petitioner and his spouse on September 12, 2002. The deficiency was due in part to the omission of $304,722 consisting of $136,500 of gain from the sale of real property and $168,222 of business gross receipts. The notice of deficiency also determined against petitioner a $78,284.25 fraud penalty under section 6663(a).

Petitioner and his spouse received the notice of deficiency, but neither petitioner nor his spouse petitioned this Court contesting respondent's determination. Respondent assessed the $104,503 deficiency, as well as the section 6663 penalty and $98,497.14 of interest, on January 10, 2003. According to respondent's March 31, 2004, final notice of intent to levy,

petitioner's unpaid tax liability for 1996, including interest and the section 6663(a) penalty, exceeded $300,000.

In his request for a section 6330 hearing petitioner asserted that enforced collection action against him is inappropriate for 1996 because, among other reasons: (1) The alleged deficiency for 1996 was not due to items attributable to him, but rather to his spouse; and (2) the period of limitations on assessment expired before the notice of deficiency was issued and therefore enforced collection activities by respondent are time barred.

During the section 6330 hearing respondent's settlement officer advised petitioner that: (1) Petitioner could not raise the issue of his underlying tax liability for 1996 but he could request innocent spouse relief; (2) because of a sequence of events involving petitioner's motions to quash summonses issued by respondent,[5] the period of limitations on assessment for 1996 had been suspended; and according to the settlement officer's calculations, it did not expire until February 10, 2003, which was after the issuance of the notice of deficiency; and (3) because the assessment was timely, respondent's collection activities were not time barred.

---

[5]The events referred to do not affect the disposition of this case. Therefore, in the interest of simplicity, we shall not describe them.

The settlement officer informed petitioner that the IRS had not collected or attempted to collect the 1994 and 1996 deficiencies from petitioner's spouse. Moreover, she informed petitioner that because he failed to submit requested income tax returns and financial information, no collection alternatives could be considered. The settlement officer considered other issues that petitioner had raised in his correspondence (including petitioner's claim of misconduct by respondent's agents and employees "which resulted in actions taken to the detriment of petitioner") to be frivolous or groundless, and thus she did not address them.

Respondent issued a notice of determination on March 1, 2006, pursuant to which respondent determined that "the proposed levy action is sustained." Petitioner timely petitioned this Court, requesting a review of respondent's determination.[6] On

---

[6]We note that respondent concurrently issued to petitioner two notices of determination, each sustaining the proposed levy action for 1994 and 1996. One notice of determination related to income taxes, the other to frivolous return penalties. Petitioner appealed to this Court the notice of determination relating to the levy for income taxes and 3 days later appealed both notices of determination to the U.S. District Court for the Northern District of Ohio. This Court, and apparently the District Court, was not informed of petitioner's filing in the other court. The District Court dismissed for lack of subject matter jurisdiction that part of petitioner's complaint relating to income taxes. Evidently unaware that petitioner had already filed his petition in this Court, the District Court stated that "Mr. Wagenknecht shall have thirty (30) days from the date of entry of * * * [its Memorandum of Opinion] and the accompanying Order to appeal the IRS Appeals Office determination with the Tax
(continued...)

April 2, 2007, respondent filed the instant motion for summary judgment.

## Discussion

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). The Court may grant summary judgment where there is no genuine issue of any material fact and a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). The moving party bears the burden of proving that no genuine issue of material fact exists, and all factual inferences are viewed in a manner most favorable to the nonmoving party. Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985). Rule 121(d) provides that where the moving party properly makes and supports a motion for summary judgment "an adverse party may not rest upon the mere allegations or denials of such party's pleading," but must set forth specific facts, by affidavits or otherwise, "showing that there is a genuine issue for trial."

---

[6](...continued)
Court, pursuant to 26 U.S.C. § 6330(d)(1)(B)." Wagenknecht v. United States, 97 AFTR 2d 2006-3000, at 2006-3006, 2006-2 USTC par. 50,388, at 85,092 (N.D. Ohio 2006). The District Court's dismissal was affirmed by the Court of Appeals for the Sixth Circuit. Wagenknecht v. United States, ___ F.3d ___, ___ (6th Cir., July 9, 2008) (slip op. at 4).

This collection review proceeding was filed pursuant to section 6330. Section 6330(a) provides that no levy may be made on any property or right to property of any person unless the Secretary has notified such person in writing of the right to a hearing before the levy is made. Section 6330(b)(1) and (3) provides that if a person requests a hearing, that hearing shall be held before an impartial officer or employee of the IRS (the settlement officer). At the hearing, a taxpayer may raise any relevant issue, including appropriate spousal defenses, challenges to the appropriateness of the collection action, and collection alternatives, including offers-in-compromise. Sec. 6330(c)(2)(A).

A taxpayer is precluded from contesting the existence or amount of the underlying tax liability at the hearing unless the taxpayer did not receive a notice of deficiency for the tax in question or did not otherwise have an opportunity to dispute the tax liability. Sec. 6330(c)(2)(B); see also Sego v. Commissioner, 114 T.C. 604, 609 (2000). The term "underlying tax liability" encompasses the section 6663 penalty. See Yesse v. Commissioner, T.C. Memo. 2008-157. A claim that the period of limitations expired, with respect to either assessment or collection, is a challenge to the underlying tax liability within the meaning of section 6330(c)(2)(B). See Boyd v. Commissioner, 117 T.C. 127, 130 (2001); see also Hoffman v. Commissioner, 119

T.C. 140, 145 (2002); Hoffenberg v. Commissioner, T.C. Memo. 2008-139.

Following a hearing, the settlement officer must determine whether the proposed levy action may proceed.  In reaching a decision, the settlement officer is required to obtain verification from the Secretary that the requirements of applicable law and administrative procedures have been met and must consider (1) all relevant issues raised by the taxpayer; and (2) whether the proposed collection action balances the need for efficient collection of taxes with a taxpayer's concerns that the collection action be no more intrusive than necessary.  Sec. 6330(c)(3).

Section 6330(d) grants this Court jurisdiction to review the determination by the settlement officer to proceed with collection action via levy after the hearing.  Where the validity of the underlying tax liability is at issue, the Court will review the matter de novo.  Sego v. Commissioner, supra at 610. Where the underlying tax liability is not at issue, the Court will review the determination of the settlement officer for an abuse of discretion.  Goza v. Commissioner, 114 T.C. 176, 181 (2000).  An abuse of discretion is defined as any action that is unreasonable, arbitrary or capricious, clearly unlawful, or lacking sound basis in law, taking into account all the facts and

circumstances.  See, e.g., <u>Thor Power Tool Co. v. Commissioner</u>, 439 U.S. 522, 532-533 (1979).

Petitioner received notices of deficiency for both 1994 and 1996.  Petitioner failed to petition this Court contesting respondent's determination.  The tax was assessed for both years.  Consequently, in this proceeding petitioner may not challenge the underlying tax liabilities for either 1994 or 1996 by claiming that the period of limitations for assessment expired before issuance of the notice of deficiency.[7]  See sec. 6330(c)(2)(B).  Insofar as the underlying tax liabilities for 1994 and/or 1996 are not at issue, the determination to proceed with the levy is reviewed for abuse of discretion.  See <u>Sego v. Commissioner</u>, <u>supra</u> at 610.

Petitioner contends that the notice of deficiency for 1994 was invalid because it was issued before an administrative appeal to which petitioner was entitled had been provided.  Petitioner's contention is flawed, for it is well established that the Commissioner need not give a taxpayer the opportunity to appeal at the administrative level before issuing a notice of

---

[7]Petitioner's reliance on <u>Hoffman v. Commissioner</u>, 119 T.C. 140 (2002), for the proposition that he may challenge the underlying tax liabilities in this proceeding is misplaced because the taxpayers in <u>Hoffman</u>, unlike petitioner, did not receive a notice of deficiency or otherwise have an opportunity to dispute their underlying tax liability.  The taxpayers in <u>Hoffman</u> were therefore entitled to raise the issue of whether assessment had been made within the period of limitations.

deficiency.  See Frederick v. Commissioner, T.C. Memo. 1999-135;
Estate of Barrett v. Commissioner, T.C. Memo. 1994-535, affd.
without published opinion 87 F.3d 1318 (9th Cir. 1996).

Section 6501(a) generally requires that the tax must be
assessed within 3 years after the return was filed.  However,
pursuant to section 6503(a)(1), the period of limitations on
assessment is suspended during the 90-day period following the
mailing of a notice of deficiency pursuant to section 6212 and,
where the taxpayer does not petition the Court in response to a
notice of deficiency, for an additional 60 days thereafter.
Estate of Mandels v. Commissioner, 64 T.C. 61, 77 n.8 (1975).

With respect to the period of limitations on collection,
section 6502(a)(1) contains the general rule that a levy must be
made within 10 years after the assessment of the tax.  Further,
section 6330(e)(1) provides that if a section 6330 hearing is
requested, the section 6502(a)(1) period of limitations for
collection is suspended and remains suspended until the 90th day
after the day on which there is a final determination.  Boyd v.
Commissioner, supra at 130-131; sec. 301.6330-1(g), Proced. &
Admin. Regs.

Application of these statutory provisions leads to the
conclusions that:  (1) Petitioner's taxes for 1994 and 1996 were
timely assessed; (2) the periods of limitations on collection
with respect to both 1994 and 1996 remain open; and (3)

respondent's settlement officer did not commit error or abuse her discretion in rejecting petitioner's claims to the contrary.

With respect to 1994, the record establishes that petitioner timely filed his return. The period of limitations on assessment therefore remained open until at least April 15, 1998.[8] See sec. 6501(a). Respondent assessed petitioner's 1994 tax on July 21, 1997, well within the period of limitations on assessment. Petitioner requested a section 6330 hearing on April 24, 2004, which was less than 10 years from the date of the assessment. Once the request for hearing was made, the running of the period of limitations on collection was suspended and remains suspended until the 90th day after which there is a final determination in this case. See sec. 6330(e)(1).

With respect to 1996, petitioner filed his return on either October 15, 1997 (as petitioner asserts), or October 20, 1997 (as respondent asserts). Respondent issued his notice of deficiency on September 12, 2002, and assessed petitioner's 1996 tax on January 10, 2003, which was after the general 3-year time period of section 6501(a) expired. However, section 6501(e) provides:

---

[8]Respondent issued his notice of deficiency for 1994 on Feb. 14, 1997, extending the period of limitations on assessment and collection an additional 150 days. See secs. 6213(a), 6503(a).

SEC. 6501(e). Substantial Omission of Items.--Except as otherwise provided in subsection (c)--

(1) Income taxes.--In the case of any tax imposed by subtitle A--

(A) General rule.-If the taxpayer omits from gross income an amount properly includible therein which is in excess of 25 percent of the amount of gross income stated in the return, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time within 6 years after the return was filed. * * *

Petitioner, in his 1996 return, reported $44,270 of gross income. Respondent, in his notice of deficiency, determined, among other things, that petitioner omitted $304,722 from gross income, an amount in excess of 25 percent of the amount of gross income reported on the return.[9] Therefore, the period of limitations on assessment with respect to tax year 1996 remained open, under section 6501(e)(1)(A), until at least October 2003.[10] Respondent assessed the tax on January 10, 2003, well within the period of limitations on assessment. Consequently, the section

---

[9]Petitioner's 1996 return did not disclose the omitted income, and petitioner did not attach a statement to the return disclosing the omitted income in a manner adequate to apprise the Secretary of the nature and amount of these items. See sec. 6501(e)(1)(A)(ii).

[10]Respondent issued his notice of deficiency for 1996 on Sept. 12, 2002, extending the period of limitations on assessment and collection an additional 150 days. See secs. 6213(a), 6503(a).

6502(a)(1) period of limitations on collection with respect to tax year 1996 remains open until at least January 10, 2013.[11]

In conclusion and to summarize, no genuine issues of material fact remain, and we hold that respondent may proceed with the proposed levy to collect petitioner's income tax liabilities for 1994 and 1996.[12]  We have considered all of petitioner's arguments in his response in opposition to respondent's motion for summary judgment, and to the extent not discussed herein we found them to be immaterial, groundless, irrelevant, and/or meritless and thus unworthy of being addressed.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.

---

[11]As noted <u>supra</u>, petitioner's request for a sec. 6330 hearing also suspended the period of limitations on collection. Sec. 6330(e)(1).

[12]Because we find that the relevant periods of limitation did not preclude respondent from assessing or collecting petitioner's 1994 and 1996 tax, we do not address respondent's claim that sec. 6501(c)(1) operated to preclude application of the period of limitations on assessment and collection.  We also do not decide whether and to what extent the period of limitations was suspended, as respondent claims, during the pendency of proceedings petitioner instituted to quash the summonses respondent issued in connection with 1994 and/or 1996.