NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0606n.06
Filed: August 21, 2007

## No. 05-3147

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | |
|---|---|
| RACHEL HAAS, CAROL HAAS, and RICHARD HAAS, | ) ) ) |
| *Plaintiffs-Appellants,* | ) ) |
| v. | )     OPINION ON REMAND ) |
| QUEST RECOVERY SERVICES, INC. and STATE OF OHIO, | ) ) ) |
| *Defendants-Appellees.* | ) ) |

**BEFORE:**    **NORRIS and BATCHELDER, Circuit Judges; and COHN, District Judge[*]**

**AVERN COHN, District Judge.** This is a case under Title II of the Americans with Disabilities

Act (ADA), 42 U.S.C. § 12101 *et seq*. Plaintiffs-Appellants Rachel Haas and her parents, Carol

Haas and Richard Haas (collectively referred to as the Haases), filed suit against Defendants-

Appellees Quest Recovery Services, Inc. (Quest) and the State of Ohio,[1] alleging that Rachel

Haas suffered discriminatory treatment based upon her physical disabilities while she was

participating in a drug and alcohol counseling program administered by Quest and ordered as part

of her punishment after she pleaded guilty to operating a vehicle under the influence of alcohol.

---

[*]The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

[1]The complaint as originally filed named the City of Canton, Ohio, as a defendant. Plaintiffs, however, dismissed all claims against the City and filed a First Amended Complaint ("Amended Complaint") against only the State of Ohio.

As will be explained, this is an opinion following remand from the United States Supreme Court. For the reasons that follow, we conclude, in light of *United States v. Georgia*, 546 U.S. 151 (2006), that the Amended Complaint fails to allege any conduct on the part of the State of Ohio which could be construed as a viable claim under Title II.

## I.

The Haases appealed the district court's dismissal of their claim against the State of Ohio under Title II. We affirmed. *Haas v. Quest Recovery Servs., Inc.*, 174 Fed. App'x 265 (6th Cir. 2006). We held that (1) the Amended Complaint failed to state a valid claim under Title II against the State of Ohio, and (2) the State of Ohio was immune from suit under the Eleventh Amendment and Congress had not effectively abrogated that immunity. The United States Supreme Court granted the Haases' petition for certiorari, vacated our decision, and remanded the matter for consideration of the views of the United States, particularly the application of *United States v. Georgia*, 546 U.S. 151 (2006). *Haas v. Quest Recovery Servs., Inc.*, 127 S.Ct. 1121 (2007).

## II.

Title II of the ADA provides, in pertinent part:

> [N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

42 U.S.C. § 12132.

In *Georgia*, the Supreme Court held that a court must apply the following three-part test when confronted with an Eleventh Amendment defense to a Title II claim:

on a claim-by-claim basis (1) which aspects of the State's alleged conduct violated Title II; (2) to what extent such misconduct also violated the Fourteenth Amendment; and (3) insofar as such misconduct violated Title II, but did not violate the Fourteenth Amendment, whether Congress's purported abrogation of sovereign immunity as to that class of conduct is nevertheless valid.

546 U.S. at 159. Thus, under *Georgia*, the constitutional question - abrogation of Eleventh Amendment immunity - will be reached only after finding a viable claim under Title II. The Haases' Title II claim fails under *Georgia's* first prong because the Amended Complaint does not state a valid claim.

The allegations against the State of Ohio under Title II appear in the Amended Complaint as follows:

> At all times herein relevant, the State is a "public entity" as defined by 42 U.S.C. § 12131(1) and was thus subject to ADA Title II.
> At the time of Plaintiff's conviction and sentencing, the State was directing certain individuals, through its Municipal Court system, to participate in programs and activities such as that being operated by Quest in lieu of actual incarceration. Such privately operated program and activities offered numerous advantages to the participants over the local jails.
> In the manner aforementioned, the Court and/or the State violated ADA Title II by failing to ensure that Plaintiff was able to participate in and benefit from the services, programs, and activities that were being furnished to non-handicapped individuals. The Court and/or the State further subjected Plaintiff to discrimination by, for example purposes only, ordering her to be confined in a privately operated system that was not handicap accessible and was being operated by untrained and unqualified staff members.

Amended Complaint at ¶ 36-38.

As an initial matter, the Amended Complaint does not name in its caption any state actor. The only state actor even referenced in the Amended Complaint is the municipal court judge, who, as we initially held, and as the State of Ohio points out, is entitled to absolute immunity.

The only allegation in the Amended Complaint which might implicate Title II liability is that the State of Ohio owned the building housing the Quest facility. *See* Amended Complaint at

3

¶ 14.  However, the ADA does not necessarily require a public entity to make its existing physical facilities accessible.  *See* 28 C.F.R. § 35.150(a)(1).  Public entities need only ensure that "each service, program, or activity ... when viewed in its entirety, is readily accessible to an usable by individuals with disabilities."  28 C.F.R. § 35.150(a).  Only if the building has undergone extensive renovation after the ADA's effective date must the upgrades provide accessibility.  *See* 28 C.F.R. § 35.150(b)(1).  Here, the Haases do not allege that the building was built after the enactment of the ADA or if built earlier, that it was renovated after that date.  They allege no facts regarding the State of Ohio's obligations under the ADA with respect to the Quest facility or regarding the Quest facility itself.

Furthermore, public entities need only ensure that "each service, program or activity . . . when viewed in its entirety, is readily accessible to and usable by individuals with disabilities."  28 C.F.R. § 35.150(a).  We agree with the State of Ohio that its driver intervention programs ("DIPs"), when viewed in their entirety, are readily accessible to and usable¶ by individuals with disabilities.  Ohio law requires that all entities providing DIPs comply with the ADA.  *See* Ohio Admin. Code § 3793:4-1-01(R).  And Ohio law provides that "[t]he rights of clients for each [DIP] shall include, at a minimum, the following: . . . (12) The right not to be discriminated against for receiving services on the basis of . . . disability.  . . . Ohio Admin. Code § 3793: 4-1-02(GG)(12).  Additionally, Ohio requires each DIP to meet specific handicapped accessibility requirements as set forth in § 3793: 4-1-02(CC) in order to be certified as a DIP, and only certified DIPs may lawfully operate in Ohio, *see* §3793: 4-1-01(D).

Accordingly, we conclude that the Amended Complaint fails to state a claim under Title II of the ADA.  In light of this determination, we need not reach the remaining prongs of the

*Georgia* analysis.