E. GRADY JOLLY, Circuit Judge:
The petition for rehearing is GRANTED. We withdraw our prior opinion, Frame v. City of Arlington, 575 F.3d 432 (5th Cir.2009), and substitute the following, which reflects substantial changes from the earlier opinion.[1]

. This footnote gives the reader a glimpse of the differences between this opinion on rehearing and our first opinion. The district court initially dismissed the plaintiffs' complaint on statute of limitations grounds. On appeal, we vacated in part and remanded. We agreed that the plaintiffs' claims accrued upon completion or alteration of the noncom-pliant sidewalk, curb, or parking lot, but found that the City had the burden to prove expiration of the two-year limitations period. In so deciding, we accepted the plaintiffs' argument that violations of the regulations were actionable because sidewalks, curbs, and parking lots were "services” provided by the City. Judge Prado dissented, arguing that the statute of limitations was triggered by the plaintiffs' encounters with, not the City's completion of, noncompliant sidewalks, curbs, or parking lots. On petition for rehearing, the City argues we erred in concluding that sidewalks, curbs, and parking lots constitute "services” within the meaning of Title II. The plaintiffs argue that we erred in concluding that the statute of limitations is triggered by completion of a noncompliant sidewalk, curb, or parking lot. The plaintiffs contend that the statute of limitations is triggered by a handicapped person's most recent encounter with that sidewalk, curb, or parking lot. On rehearing, we hold that sidewalks, curbs, and parking lots are not Title II services, programs, or activities; thus, the plaintiffs lack a private right of action to enforce the regulations unless noncompliance has denied access to a service, program, or activity. Where a cause of action is established, the statute of limitations is triggered when the plaintiff knew or should have known that he or she was excluded from a city service, program, or activity.