# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 30, 2010

No. 09-40940
Summary Calendar

Lyle W. Cayce
Clerk

CYNTHIA BROCKMAN, as Representative for Christopher Anson Brockman
(Deceased),

Plaintiff-Appellant

v.

TEXAS DEPARTMENT OF CRIMINAL JUSTICE; UNIVERSITY OF TEXAS
MEDICAL BRANCH; CHARLOTTE ANNETTE BUSSEY, RN,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:08-CV-00006

Before BENAVIDES, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Cynthia Brockman, representative of her deceased son Christopher
Brockman, appeals from the district court's dismissal of her claims against the
Texas Department of Criminal Justice ("TDCJ"), the University of Texas Medical
Branch ("UTMB"), and various individual defendants.  Finding that Brockman's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 09-40940

claims are without merit, we affirm the district court's dismissal of this case.

I.

On January 5, 2006, Christopher Brockman hung himself while incarcerated at the Michael Unit of the TDCJ. Prior to his incarceration, Christopher had been diagnosed with bipolar disorder, for which he received treatment of varying efficacy as an inmate. Approximately two years after Christopher's death, on January 4, 2008, Cynthia Brockman filed suit under 42 U.S.C. § 1983 against the TDCJ, the UTMB, Warden Richard Thompson, UTMB employees Kay McMurtry and Ronny Hill, and nurse Charlotte Anne Bussey. Brockman argued that the defendants had been deliberately indifferent to her son's condition during his incarceration, violating the Eighth Amendment. U.S. Const. amend. VIII. She also filed suit under Title II of the Americans with Disabilities Act ("ADA"), asserting that the defendants' treatment of her son's condition violated the ADA. 42 U.S.C. § 12132 (2006).

Brockman asserts that during Christopher's incarceration, prison officials frequently ignored or denied that her son was bipolar, refusing him treatment. She also claims that from time to time, Christopher was denied medication or it was confiscated, causing manic episodes. She asserts that prison officials sometimes withheld medications that had been effective at treating Christopher's bipolar disorder, like lamictal, fish oil supplements, and vitamin E. She alleges that instead of these medications, prison officials provided Christopher with ineffective medications with extreme side effects.

Beyond these general allegations, Brockman also points to several specific instances of the defendants' alleged failure to treat Christopher's bipolar disorder. Brockman alleges that in 2003, while Christopher was being held at Michael Unit, defendant Warden Thompson prevented him from receiving fish oil supplements. She also alleges that upon Christopher's transfer to Ferguson Unit in 2004, defendant Bussey evaluated Christopher's mental health and

2

incorrectly concluded that he was not suffering from any mental impairment, ignoring his medical records and the clear signs of his bipolar disorder. Furthermore, Brockman claims that in late 2005, UTMB employees—specifically defendants McMurtry and Hill—missed clear evidence that Christopher's mental health was deteriorating and that he was a suicide risk. Specifically, she alleges that on December 1, 2005, approximately a month before Christopher's suicide, McMurtry determined that he was a low suicide risk and that he was merely "drug seeking." Brockman also alleges that Hill dared Christopher to kill himself, but in her complaint she does not specify the date this allegedly occurred.

Despite the allegedly clear evidence that Christopher was suicidal and delusional by late 2005, Brockman claims that when Christopher killed himself on January 5, 2006, he was being held in isolation. She points out that this would have been a violation of the standards issued by National Commission on Correctional Health Care ("NCCHC"), which direct that suicidal prisoners not be housed in isolation, unless under constant supervision. Brockman alleges that prison officials did not closely monitor Christopher before his suicide and that log entries showing the contrary were fabricated. She asserts that when Christopher's body was found, blood had already begun to pool in his lower body, indicating that a fair amount of time had passed since his suicide.

The district court assigned this case to a magistrate. After several of the defendants filed motions to dismiss pursuant to Rule 12(b)(6), the magistrate recommended dismissing Brockman's claims. The magistrate concluded that sovereign immunity defeated Brockman's § 1983 claims against the TDCJ, the UTMB, and the individual defendants in their official capacities. The magistrate also concluded that any claims based on conduct before the two-year limitations period for § 1983 and ADA actions were time-barred. Thus, the magistrate found that all of Brockman's § 1983 claims against the individual defendants in

No. 09-40940

their personal capacities were time-barred, since all of the allegations of specific misconduct occurred before January 4, 2006. The magistrate also found that Brockman's ADA claims could not succeed, as she had not pleaded enough facts regarding Christopher's treatment on or after January 4, 2006 to show a plausible entitlement to relief. After de novo review, the district court adopted the magistrate's recommendation in full, over Brockman's objection.[1]

## II.

"This court reviews a district court's dismissal under Rule 12(b)(6) *de novo*, accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiffs." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570).

On this appeal, Brockman does not dispute that her § 1983 claims against the institutional defendants and the individual defendants in their official capacities are blocked by sovereign immunity. However, she asserts that the district court misinterpreted the statute of limitations for § 1983 and ADA claims, unduly restricting the scope of the allegations that could be considered

---

[1] The recitation of facts above is taken from Brockman's amended complaint. After the magistrate recommended dismissing Brockman's claims, Brockman objected to the recommendation and filed a new statement of facts that contradicted in certain respects the allegations included in her complaint, without explicitly acknowledging these differences. For example, in Brockman's complaint, she alleged that defendant Warden Thompson withheld fish oil from Christopher in 2003, while in her objection to the magistrate's recommendation, she alleged this occurred in June 2005. Ultimately, the differences between the two sets of allegations matter little. As will be explained below, claims based on alleged events before January 4, 2006 are time-barred, and in Brockman's objection to the magistrate's recommendation, her allegations only concerned events occurring before January 4, 2006.

4

to validate her claims. She also argues that the district court improperly refused to allow her to amend her complaint to correct any deficiencies in her pleadings. We conclude that the district court applied the statute of limitations correctly and that Brockman's timely claims must fail. We also find that Brockman need not be provided an opportunity to amend her complaint. Consequently, we affirm the district court's dismissal of this case.

A.

"We review de novo . . . questions of law, such as whether the statute of limitations has run or whether equitable tolling applies." *Newby v. Enron Corp.*, 542 U.S. 463, 468 (5th Cir. 2008). Brockman argues that the district court erred in concluding that all claims based on conduct occurring before January 4, 2006 are time-barred. However, we find that the court below correctly applied the statute of limitations to the facts of this case.

Since there is no federal statute of limitations for ADA or § 1983 claims, we look to the general personal injury limitations period provided by the forum state, which in this case is Texas's two-year limitations period. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a); *Owens v. Okure*, 488 U.S. 235, 249-50 (1989) (§ 1983); *Frame v. City of Arlington*, — F.3d —, 2010 WL 3292980, at *8 (5th Cir. 2010) (ADA). Brockman argues that the Texas cause of action most closely analogous to her claims is a wrongful death action, and she asserts that we should therefore apply its two-year limitations period, for which a cause of action "accrues on the death of the injured person." Tex. Civ. Prac. & Rem. Code Ann. § 16.003(b). Under this approach, she asserts, all her claims would be timely, as she filed her lawsuit within two years of Christopher's death.

The Supreme Court, however, has rejected the notion that we should look to the specifics of a particular § 1983 claim to determine the statute of limitations to apply. Instead, the Court has created a bright line rule, mandating that "courts considering § 1983 claims should borrow the general or

residual statute for personal injury actions." *Owens*, 488 U.S. at 249. In any event, in both the § 1983 and ADA contexts, we have held that even if state law provides the underlying limitations period, federal law establishes the date upon which claims accrue, which is "'when the plaintiff knows or has reason to know of the injury which is the basis of the action.'" *Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir. 1992) (quoting *Lavallee v. Listi*, 611 F.2d 1129, 1131 (5th Cir. 1980)); *see also Frame*, 2010 WL 3292980, at *9. Since Christopher should have known the quality of the treatment he was receiving for his bipolar disorder before January 4, 2006, the district court correctly concluded that all claims based on conduct preceding January 4, 2006 are time-barred.

In response, Brockman contends that we should apply Texas's "unsound minds" tolling rule, which she asserts would toll the statute of limitations for Christopher due to his bipolar disorder and render her claims timely. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.001. However, Brockman failed to raise this argument in the district court, and as such, she has waived it for this appeal. *See Nunez v. Allstate Ins. Co.*, 604 F.3d 840, 846 (5th Cir. 2010) ("'An argument not raised before the district court cannot be asserted for the first time on appeal.'" (quoting *XL Specialty Ins. Co. v. Kiewit Offshore Servs., Ltd.*, 513 F.3d 146, 153 (5th Cir. 2008))).

Therefore, we may only consider Brockman's allegations concerning Christopher's treatment on or after January 4, 2006. On the basis of these allegations alone, Brockman's § 1983 and ADA claims must fail. First, Brockman's § 1983 claims are time-barred. All of Brockman's allegations concerning the individual defendants—Thompson, Bussey, McMurtry, and Hill—relate to conduct that occurred before January 4, 2006.[2] Second, for

---

[2] In Brockman's complaint, she did not specify when Hill taunted Christopher. However, in her objection to the magistrate's report and recommendation, she clarified that this taunting occurred before or during December 2005.

No. 09-40940

Brockman's ADA claims, all claims that are based on conduct before January 4, 2006 are also barred. Her only specific allegations involving conduct on or after January 4, 2006 concern the failure of prison officials to adequately monitor Christopher pursuant to NCCHC standards. However, on this appeal, Brockman has not provided any briefing concerning the failure of the defendants to follow NCCHC standards. Furthermore, Brockman has also failed to provide any briefing concerning the elements of an ADA claim or how her allegations satisfy those elements, other than a lone conclusory statement that Christopher was disabled within the meaning of the ADA. These issues are therefore waived. *See Goodman v. Harris County*, 571 F.3d 388, 399 (5th Cir. 2009). Consequently, Brockman's ADA and § 1983 claims are either untimely or have been waived on this appeal.

B.

Brockman also asserts that the district court erred in failing to allow her to amend her complaint. After the magistrate recommended dismissing this case, Brockman filed an objection to the magistrate's report with the district court, providing a supplemented list of allegations and asking the court for leave to replead the facts in her complaint. The district court did not explicitly deny Brockman's request, but implicitly did so, as it adopted the magistrate's report and dismissed this case. Generally, district courts should "freely give leave" for plaintiffs to amend their complaints "when justice so requires." Fed. R. Civ. P. 15(a)(2). We review a district court's denial of a motion to amend a complaint for abuse of discretion. *See Forman v. Davis*, 371 U.S. 178, 182 (1962).

The district court did not abuse its discretion in failing to grant Brockman's request to amend her pleadings. We have previously held that a refusal to allow amendment is not an abuse of discretion when the proposed amendment would be futile. *See Avatar Exploration, Inc. v. Chevron, USA*, Inc., 933 F.2d 314, 321 (5th Cir. 1991). In Brockman's objection, all of her

7

supplemental allegations concerned events that occurred prior to January 4, 2006. As such, granting leave to amend the complaint with these allegations would be futile, as any claims based on them would be time-barred. Furthermore, to the extent Brockman was requesting leave to amend her complaint to add allegations concerning events on or after January 4, 2006, refusal of this request also would not have been an abuse of discretion. We have held that a "bare request in an opposition to a motion to dismiss—without any indication of the particular grounds on which the amendment is sought—does not constitute a motion [to amend] within the contemplation of Rule 15(a)." *United States ex. rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 387 (5th Cir. 2003) (quoting *Confederate Mem'l Ass'n, Inc. v. Hines*, 995 F.2d 295, 299 (D.C. Cir. 1993)). Since Brockman did not provide any indication of what allegations concerning the defendants' conduct during the limitations period she would have added to her complaint, the district court did not abuse its discretion in refusing her request for leave to amend.

## C.

The United States filed a motion to intervene in this case for the purpose of defending the constitutionality of Title II of the ADA's abrogation of state sovereign immunity. In *United States v. Georgia*, the Supreme Court held that when courts consider Title II claims, they should first address whether the conduct challenged by the plaintiff violates Title II, then resolve whether this conduct also violates the Fourteenth Amendment, and finally, if Title II is violated but not the Fourteenth Amendment, address whether Title II validly abrogates sovereign immunity in these circumstances. 546 U.S. 151, 159 (2006). The purpose of this rule is to prevent courts from unnecessarily addressing the constitutional issue of whether the ADA may validly abrogate sovereign immunity in the absence of a violation of the Fourteenth Amendment.

In this case, the United States argues that the district court failed to

follow *Georgia* properly. Indeed, the magistrate's report and recommendation, adopted in full by the district court, seems to have violated the order of operations established by *Georgia*. The magistrate's report did not explicitly determine whether a violation of Title II took place. Instead, it found that Brockman had failed to demonstrate any Eighth Amendment violation and that consequently she had "not alleged facts abrogating UTMB and TDCJ's sovereign immunity with respect to her ADA claims." As such, the opinion below could be read to establish implicitly that the ADA may only abrogate sovereign immunity when accompanied by a violation of the Fourteenth Amendment. We note that this error is understandable, since Brockman's claims may be more readily characterized as Eighth Amendment deliberate indifference claims than ADA claims.

Previously, when lower courts have unnecessarily reached issues concerning the constitutionality of the ADA's abrogation of sovereign immunity, the offending portions of their decisions have been vacated on appeal. *See Haas v. Quest Recovery Servs.*, 549 U.S. 1163 (2007); *Zibbell v. Mich. Dep't of Human Servs.*, 313 F. App'x 843, 847-48 (6th Cir. 2009). Because we conclude on appeal that Brockman's ADA claims are either untimely or have been waived, we VACATE the portions of the opinion below which concern the abrogation of sovereign immunity under the ADA. Accordingly, the motion to intervene is denied as moot.

### III.

Consequently, we AFFIRM the district court's dismissal of this case in part and VACATE the portions of the district court's opinion which concern the abrogation of sovereign immunity under the ADA. The motion to intervene is DENIED as MOOT.