NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0754n.06

No. 09-4360

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Dec 13, 2010**

LEONARD GREEN, Clerk

KAREN SHOEMAKER, )
)
    Plaintiff-Appellant, )
)
v. ) ON APPEAL FROM THE UNITED
) STATES DISTRICT COURT FOR THE
E.I. DUPONT DE NEMOURS AND ) SOUTHERN DISTRICT OF OHIO
COMPANY, )
)
    Defendant-Appellee. )

Before: SUTTON and GRIFFIN, Circuit Judges; BERTELSMAN, District Judge.[*]

SUTTON, Circuit Judge. Karen Shoemaker challenges the district court's decision rejecting her disability discrimination claims as a matter of law. Because she does not challenge the grounds for decision presented and rejected below, but presents only arguments never raised below, we affirm.

I.

Karen Sue Shoemaker began working at E.I. DuPont de Nemours & Co. in 1992. In her last position there, she worked on an assembly line that manufactured film.

In 2001, doctors diagnosed Shoemaker's mother with cancer, and Shoemaker became the primary caregiver for both of her parents. DuPont allowed Shoemaker to take leave under the

_____

[*]The Honorable William O. Bertelsman, United States Senior District Judge for the Eastern District of Kentucky, sitting by designation.

Family and Medical Leave Act (FMLA) to care for her parents. *See* Pub. L. No. 103-3, 107 Stat. 6 (1993).

Three years later, Shoemaker's mother passed away. Shoemaker took the news hard. Doctors diagnosed her with depression and anxiety disorder and prescribed her medication. DuPont again allowed Shoemaker to take FMLA leave.

Shoemaker also began to suffer from a sleep disorder. She had at least one car accident caused by falling asleep at the wheel. She also began falling asleep at work, which caused DuPont to place her on probation in June 2005. A pulmonologist diagnosed Shoemaker with narcolepsy and prescribed her medication for the problem.

In August 2005, Shoemaker's father passed away, after which Shoemaker's depression and anxiety worsened. She sought treatment from a psychiatrist and a mental health counselor. DuPont allowed Shoemaker to take FMLA leave a third time.

In January 2006, Shoemaker met with DuPont officials to create a plan for her to return to work. They agreed that she would return to work on February 1, 2006, and that she would take on shortened shifts at first, then work up to a full schedule. The plan required Shoemaker to qualify for each level of the line operator position again as well as to undergo training for the changes that occurred while she was on leave. Shoemaker failed the first test, prompting DuPont to discharge her in April 2006.

Shoemaker sued DuPont in state court, claiming violations of Ohio disability discrimination law. DuPont removed the action to federal court on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1332. Shoemaker amended her complaint, adding claims under the federal Americans with

Disabilities Act (ADA). *See* Pub. L. No. 101-336, 104 Stat. 331 (1990). Concluding that Shoemaker had not established a *prima facie* case of disability discrimination, the district court granted DuPont's motion for summary judgment.

## II.

As this case comes to the court, both parties assume that Ohio disability discrimination law parallels the requirements of the ADA, and we have embraced this assumption for the purpose of resolving this appeal. *See Brenneman v. MedCentral Health Sys.*, 366 F.3d 412, 418 (6th Cir. 2004). We give a fresh look to the district court's summary-judgment decision, and we draw all reasonable factual inferences in favor of Shoemaker, the opponent of the motion. *Id.* at 417.

In the absence of direct evidence of discrimination, the burden-shifting framework of *McDonnell Douglas* governs a claim of disability discrimination. *Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1184–85 (6th Cir. 1996); *see McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973). That familiar framework works as follows: The plaintiff must first establish a *prima facie* case of discrimination. *Monette*, 90 F.3d at 1186. If she satisfies that obligation, the burden shifts to the employer to offer a "legitimate, nondiscriminatory" reason for its action. *Id.* at 1179, 1186. If the employer does so, the burden shifts back to the plaintiff to establish that the employer's proffered reason is merely a pretext for unlawful discrimination. *Id.* at 1186–87.

As to the first requirement, Shoemaker bears the burden of showing that she is a person with a disability. *Id.* at 1185–86. That can be done in one of three ways: (1) by showing that she has an impairment that substantially limits her in one or more major life activities (actually disabled), (2) by showing that she has a record of such an impairment (record of a disability) or (3) by showing that

- 3 -

she is regarded by her employer as having such an impairment (regarded as disabled). 42 U.S.C. § 12102(1); *Kiphart v. Saturn Corp.*, 251 F.3d 573, 582 (6th Cir. 2001).

In responding to the motion for summary judgment in the district court, Shoemaker argued only that she was actually disabled and that she was regarded as disabled. The district court considered these two arguments, and it rejected each of them.

On appeal Shoemaker claims only that she has a record of disability and makes no mention of the arguments she raised in the district court. Unluckily for Shoemaker, DuPont noticed, pointing out that Shoemaker presents the "record of disability" theory "[f]or the first time . . . on appeal." DuPont Br. at 20.

DuPont is correct. Shoemaker forfeited her "record of disability" argument by failing to raise it below. *See Barner v. Pilkington N. Am., Inc.*, 399 F.3d 745, 749 (6th Cir. 2005). And she has abandoned the arguments she made before the district court by failing to raise them here. *See Doe v. Salvation Army in U.S.*, 531 F.3d 355, 357 (6th Cir. 2008). Shoemaker is represented by counsel before this court, just as she was in the district court, leaving us no handhold for construing her arguments broadly, as we sometimes do when it comes to pro se litigants. *Cf. Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Even the most generous reading of her briefs reveals no arguments challenging the reasoning of the district court decision.

Not only has Shoemaker failed to challenge the grounds for decision below, but her claim is meritless to boot. Even if we grant for the sake of argument the possibility that Shoemaker could meet the definition of disability, DuPont offered a legitimate, nondiscriminatory reason for Shoemaker's discharge—namely, that Shoemaker failed a test she agreed to take as part of her

return-to-work plan. Shoemaker offers no plausible theory of pretext. Her central argument is that

DuPont gave her one chance to pass the test, while the company gave other workers three chances.

But, as Shoemaker acknowledged during oral argument, those workers took the test to get a

promotion, not as part of an agreed-upon return-to-work plan. Because Shoemaker and those

workers were not similarly situated and because she offers no other plausible theory by which a jury

could say that DuPont's named nondiscriminatory reason for the discharge was pretextual, her claim

fails on the merits as well.

III.

For these reasons, we affirm.